SHORTEN *v.* BROTHERHOOD OF RAILROAD TRAINMEN.

Opinion delivered November 10, 1930.

*Peter A. Deisch,* for appellant.
*Sheffield & Coates,* for appellee.

HUMPHREYS, J. This suit was instituted in the chancery court of Phillips County by appellant against appellee to recover twelve hundred dollars, the alleged value of a certificate of insurance against total disability on account of ill health, issued by appellant to appellee on the 30th day of March, 1907, upon the alleged ground that said certificate of insurance was fraudulently canceled and declared void by appellee on December 12, 1924.

Appellee filed an answer admitting the issuance of the certificate of insurance but interposing as defenses to the suit *res judicata* and fraud on the part of appellant in securing a reinstatement of said certificate in 1918 after forfeiture thereof for failure to pay monthly dues thereon.

The cause was submitted to the court upon the pleadings and testimony which resulted in a finding of the law and facts against appellant and a dismissal of his complaint for the want of equity, from which is this appeal.

The record reflects that on April 2, 1925, appellant brought suit against appellee in the circuit court of said county to recover $1,800 on the certificate of insurance for his total disability on account of ill health. Appellee filed an answer in that case setting up, among other defenses, that on December 12, 1924, it had canceled the certificate of insurance and declared same void because in obtaining a reinstatement of the certificate which had been forfeited in 1918 for failure to pay monthly dues thereon, appellant had obtained same upon false and fraudulent warranties concerning his health. After the pleadings had been made up in that case appellant, on his own motion, took a nonsuit with prejudice.

Appellant contends for a reversal of the decree upon the alleged ground that the trial court erroneously sustained appellee's plea of *res judicata,* arguing that the plea was not applicable or appropriate for the reason that a totally different cause of action was set out in appellant's complaint in the chancery court from that which was alleged and set out in the complaint in which he took a nonsuit with prejudice. The main issue joined in the instant case was whether it properly canceled the certificate of insurance on the 12th day of December, 1924, or whether it did so arbitrarily and without cause. This was the identical issue tendered by appellee in its answer to the suit which appellant brought in the circuit court of said county, and which was dismissed at his request with prejudice. It is true that an issue was tendered by appellant in his circuit court suit as to whether his disability was total and permanent under the terms of the certificate of insurance when read in connection with the constitution and by-laws of appellee, but it also involved the issue as to whether the certificate of insurance had

been rightfully canceled which was the main issue involved in the instant suit. It was ruled by this court in the case of *Robertson* v. *Evans,* 180 Ark. 420, 21 S. W. (2d) 610, that:

"The test in determining the plea of *res judicata* is not alone whether the matters presented in the subsequent suit were litigated in a former suit between the same parties, but whether such matters were necessarily within the issue and might have been litigated in the former suit."

It was also ruled by this court in the case of *Union Indemnity Co.* v. *Benton County Lumber Co.,* 179 Ark. 752, 18 S. W. (2d) 327, that:

"The dismissal of a suit with prejudice is as conclusive of the rights of the parties as if the suit had been prosecuted to a final adjudication adverse to the plaintiff."

We think the trial court correctly sustained appellee's plea of *res judicata.*

In view of the fact that the plea of *res judicata* was correctly sustained, it becomes unnecessary to set out in this opinion the testimony relating to the defense of fraud in procuring the reinstatement of the certificate of insurance in 1918 after same had been forfeited for the nonpayment of monthly dues, or to determine that question.

No error appearing, the decree is affirmed.