MARGARET MONGEON, Respondent v. MARY BURKE-BILE, Domnick Leonard, John Leonard, Leo Leonard, Katherine LeMieux, James Leonard, Alice Leonard, Agnes Liere, Herman Huesgen, Helen LaFave, Mayme Stevens, Edward McKenna, Eliza DeGrouchy, Hugh McKenna, Sister Ellen Claire, and John McKenna, Appellants.

(55 NW2d 445)

Opinion filed Oct. 30, 1952.   Rehearing denied Nov. 15, 1952

C. A. Waldron, Bruce M. Van Sickle, Mack V. Traynor, and Lawrence E. Watson, for appellants.

Clyde Duffy and Joseph P. Stevens, for respondent.

Morris, Ch. J: This is an appeal from an order of the District Court of Rolette County, dated October 1, 1951, reversing an order of the County Court of Rolette County, whereby the county court had dismissed a petition of Margaret Mongeon for the proof and probate of a purported olographic will of her brother, Michael Leonard, deceased, who left no children, parents, or spouse. All litigants are brothers, sisters, nephews, or nieces of the deceased.

Michael Leonard died on November 5, 1949. On November 10, 1949, Mary J. Burkebile filed in the County Court of Rolette County a petition for letters of administration asking that Margaret E. Mongeon be appointed administratrix of the estate. These women were both sisters of the deceased. The county court fixed December 14, 1949, as the date of hearing the petition

and issued a citation accordingly. On November 22, 1949, Margaret E. Mongeon filed a petition for proof and probate of a document purporting to be the olographic will of Michael Leonard. Hearing on this petition was also set for December 14. On the date of hearing, written objections to the probate of the purported will were filed by the respondents. A cross petition was filed in administrative proceedings for the appointment of John Leonard and Domnick Leonard as administrators of the estate. Thus, on December 14, the court had before it for hearing the petition of Mary J. Burkebile for the appointment of Margaret E. Mongeon as administratrix and the cross petition, as well as the petition of Mrs. Mongeon for the probate of the olographic will and the written objections to that probate that were filed through their attorneys by John Leonard, Domnick W. Leonard, Katherine LeMieux, James Leonard, Alice Leonard, and Leo Leonard. No action was taken on December 14 regarding matters before the court, other than to enter orders adjourning the hearings to December 17, 1949, when further orders were made adjourning the hearings on the petition to probate the will and on the petition for letters of administration until January 17, 1950.

On January 17, 1950, the county court entered an order which, after reciting certain preliminary matters dealing with the filing of the petition and prior adjournments of the hearing on the petition for proof and probate of the olographic will, stated:

". . . and now on this 17th day of January, A.D. 1950, at 11:00 A.M. appeared in Court the petitioner by Messrs. Stormon & Stormon, her attorneys, and Lawrence E. Watson, Esq., and Bruce Van Sickle, Esq., attorneys representing certain respondents, as appears from the records herein, and also appeared in Court personally, Dominick W. Leonard, John Leonard, Katherine Lemieux, Alice Leonard, and Leo Leonard, and all parties having now appeared of record in said matter, and being now represented in Court, the following proceedings were had, to-wit:

"The petitioner by her attorneys, Messrs. Stormon & Stormon, moved that the Petition for Proof and Probate of Will heretofore filed herein, presenting for probate a document purporting to

be the Olographic Last Will of Michael Leonard, deceased, be dismissed in all things with prejudice.

"There being no opposition to the said motion, and the Court being fully advised,

"IT IS ORDERED, ADJUDGED AND DECREED That the Petition for Proof and Probate of Will filed herein by Margaret E. Mongeon, presenting for probate a document purporting to be the Last Will of Michael Leonard, deceased, be and the same hereby is in all things dismissed with prejudice."

On the same day the court entered another order appointing John Leonard and Domnick Leonard administrators, and letters of administration were issued to them on February 10, 1950. No appeal was taken from either of the orders entered on January 17.

On May 23, 1950, Margaret Mongeon filed a second petition for proof and probate of will in which she set out the same olographic will described in her previous petition and again sought admission of the will to probate. The county court set the date for hearing of this petition on June 15, 1950, and citations were duly issued. On June 2 counsel for all the parties entered into this stipulation:

"WHEREAS, there are certain questions of law that the respondents intend to raise, by motion or otherwise, and it is advisable and desirable that said questions be raised and determined prior to a hearing, if any, on said petition for proof and probate of will.

"NOW, THEREFORE, IT IS HEREBY STIPULATED, that a hearing on questions of law may come on for hearing before this Court on the 10th day of June, A.D. 1950, at eleven o'clock A.M., at the office of W. A. Lawston, County Judge, in Rolla, North Dakota.

"IT IS FURTHER STIPULATED, that in the event that all of said questions of law are determined in favor of said petitioner and that a hearing will have to be had on the said petition, then that the respondents shall have a period of five days from the date of the Order of the Court overruling such objections, and which Order shall be served upon the attorneys for

the respondents on the same date, within which to file objections to said Petition, and serve the same."

It was the apparent purpose of this stipulation that questions of law might be determined prior to a trial de novo on the facts. What questions of law were to be determined the stipulation does not disclose.

On the date of hearing the second petition the court entered the following order:

"IT IS HEREBY ORDERED THAT the hearing set by this Court in the above entitled matter for June 15, 1950 at 2:00 P.M. be and the same is hereby adjourned until such time as said hearing may be set by further order of this Court, or until such time as may be agreed upon by stipulation of the attorneys representing petitioner and respondents."

On June 10, 1950, a motion was made by seven of the respondents in county court to dismiss the petition upon the grounds it is insufficient and cannot be considered as a petition for rehearing and that the order that had been entered on January 17 dismissing the first petition for the proof and probate of the olographic will with prejudice was res adjudicata and the county court had no jurisdiction to entertain a second petition for proof and probate of the document that had been involved in the first proceeding. On June 10, 1950, the attorneys for Margaret Mongeon filed in the county court a motion to amend the order of the court dated January 17, 1950, dismissing the original petition by deleting therefrom the words "with prejudice" and to grant the petitioner a rehearing upon her petition for the probate of the will. This motion was made upon the following grounds:

### I.

"That the words 'with prejudice' were inserted in said order through inadvertence and, mistake.

### II.

"That said order was not a determination on the merits nor was it the result of a family settlement or compromise.

### III.

"That a dismissal with prejudice was not authorized by the petitioner and was improper and in excess of the jurisdiction of this Court.

### IV.

"That the petitioner has discovered evidence since the dismissal of the original petition which will establish such will to be in the handwriting of the decedent and to be his own act and that such evidence could not have been discovered with reasonable diligence at the time set for the original hearing herein."

This motion was based upon the files and records in the case and attached affidavits of the petitioner, Mr. Clyde Duffy, her attorney, and Mr. Krupp, a handwriting expert.

After the county court adjourned the hearing of June 15, 1950, no further notice appears to have been given to any attorneys or to the parties and no agreement or stipulation was made with respect to a further hearing. No order appears to have been made or time set for hearing the petitioner's motion to amend the order of January 17, 1950, dismissing her original petition for the probate of the olographic will and no hearing appears to have been had on this motion. Nevertheless, the order from which appeal is taken purports to confirm the order of January 17, 1950.

On August 8, 1950, the county court, after reciting that the petition of Margaret Mongeon for probate of the will came on for hearing on June 15, but making no reference to the indefinite adjournment, entered an order stating:

"1. That said petition purports to present for probate the same Olographic Last Will and Testament that the same petitioner, to-wit, Margaret Mongeon, had previously presented to the Court for probate on November 22, 1949; that an order of this Court was entered on January 11, 1950 dismissing such petition with prejudice.

"2. That the said order of this Court dismissing such petition is res adjudicata insofar as the above-mentioned will is concerned.

"3. That no sufficient reason has been shown this Court why

its Order Dismissing Petition for Probate of said Will should now be revoked.

"Now therefore it is ORDERED, ADJUDGED AND DE-CREED that the petition of Margaret Mongeon be, and the same is hereby in all things dismissed, and that the order of this Court made and entered on the 11th day of January, 1950 dismissing with prejudice the Petition for Probate of Olographic Will be, and the same hereby is confirmed."

Margaret Mongeon appealed from this order to the district court. The district court reversed the order and directed the county court to revoke it and to hear the petition for probate of the will upon its merits. The above mentioned order of the district court was not entered after a trial de novo therein—see Section 30-2623 NDRC 1943—but was entered upon the hearing of a motion to dismiss the appeal.

The respondents in the proceedings below raised three questions upon which they urged that the appeal from the county court to the district court be dismissed. Two of these questions are purely procedural. They state that the notice of appeal was not in proper form and, even if it were in proper form, it was not served in time. The question of the sufficiency of the notice of appeal is closely related to the stipulation above quoted. The objection to the form of notice of appeal is thus stated:

"That by Stipulation the only matters presented to the County Court and the only matter or matters decided by such Court were matters or questions of law, so that the attempted appeal upon both questions of law and fact is totally improper and ineffective, and the only appeal that could have been taken would have been an appeal on questions of law alone and then Specifications of Error would have had to have been filed and served, and this was not done, as provided in Section 30-2608."

Two types of appeals may be taken under Section 30-2608 NDRC 1943. They are appeals on questions of law alone and appeals upon facts and matters of law generally. The notice of appeal in this case does not conform to the statutory requirements for appeals on questions of law alone but is sufficient to perfect a general appeal. Under appeals on questions of law

alone, as provided by this statute, it is the appellant's privilege, where there has been a trial involving both fact and law, to restrict the appeal to questions of law and in order to do so he must comply with the statutory requirements as to the contents of notice of appeal and must include in his notice a statement to the effect that the appeal is on questions of law alone. He must also include specifications of errors at law on which he relies and a statement of the time and place at which the appeal will be brought on for trial. See Re Campbell, 56 ND 60, 215 NW 913. The other form of notice, which is the one used in this case, does not restrict the appeal to questions of law alone but brings up all of the issues that were tried in the county court. It may be that only issues of law were stipulated to be presented to the county court, but that fact would not require the appellant to use the form of notice prescribed for appeals on questions of law alone. It is only where the appellant desires to exclude from the appeal questions other than those specified that he must use the restrictive form of notice. The notice of appeal in this case brought to the district court all issues that were heard in the county court involving fact, law, or both.

The next contention of the respondents in the court below is that no appeal was effected in this case because the order of the county court dismissing the petition for proof and probate of the olographic will was dated August 8, 1950, and the notice of appeal from that order was not served within thirty days of the date of the order as prescribed by Section 30-2603 NDRC 1943. This position is untenable because of the following stipulation entered into by all of the parties to this proceeding through their attorneys:

"WHEREAS, On May 23, 1950, Margaret Mongeon filed in this Court a petition for the probate of a document purporting to be the last will of said decedent, and said petition came on for hearing before the Court on June 15, 1950; and

"WHEREAS, The respondents by their several attorneys moved to dismiss such petition; and

"WHEREAS, The Court heard arguments on such motions to dismiss and thereupon adjourned the hearing indefinitely to per-

mit the petitioner to file supplemental affidavits and give the Court ample time to consider the questions involved; and

"WHEREAS, The Court did on August 8, 1950, and without further notice to the parties, enter an order dismissing such petition, but notice of such order was not given to the petitioner until on or about September 11, 1950; and

"WHEREAS, There is a question regarding the validity of such order under the provisions of Section 30–0303, and a question of the right of the petitioner to appeal therefrom under Section 30–2603,

"NOW, THEREFORE, To avoid such questions it is hereby stipulated

## I.

"That the hearing on the petition for probate of will and the motions of the respondents for the dismissal of such petition shall be deemed to have been adjourned with notice to all parties to September 8, 1950.

## II.

"That the order purporting to have been made on August 8, 1950, be deemed to have been entered on September 8, 1950.

## III.

"That the time for appeal from such order shall begin to run from September 8, 1950."

We have already noted that on June 15, 1950, the court entered an order adjourning the hearing on the petition for proof and probate of the olographic will until the further order of the court or until such time as might be agreed upon by stipulation of the attorneys representing the parties. Under Section 30–0303 NDRC 1943 an indefinite postponement operates as a postponement of the hearing until further notice. No further notice was given and no stipulation was entered into fixing a time for the further hearing. Nevertheless, the county court entered its order which was actually dated August 8. As we read the

stipulation, the parties all agreed that to avoid questions regarding the validity of the order it would be considered to have been issued pursuant to notice as of September 8, 1950. Thus, the questionable order was validated, by agreement, as of September 8 and the notice of appeal was served within the statutory time thereafter.

Stipulations which eliminate questions of fact should be encouraged rather than discouraged by the courts. Northern Pacific Railway Co. v. Barlow, 20 ND 197, 126 NW 233; Gelin v. Hollister, 222 Minn 339, 24 NW2d 496, 168 ALR 195. The stipulation before us involves questions of fact and law. Its purpose and result, if recognized and enforced, is to settle a vexatious procedural controversy with respect to the order of the county court made in a manner not conformable to statute and to further the right of review of the action of the county court. Both the purpose and result are in furtherance of the ends of justice and meet with judicial favor.

We now come to the question of whether the county court erred in making its order in this proceeding holding that its former order of January 17, 1950, dismissing the petition of Margaret Mongeon, proponent of the olographic will, was res adjudicata and confirming that former order. The order of January 17 was entered at an adjourned hearing of the petition. All parties were present or were represented by counsel. The proponent of the will was not present in person but was represented by her counsel who moved for a dismissal of the petition with prejudice. "There being no opposition to the said motion, and the Court being fully advised," the petition was "in all things dismissed with prejudice." The ultimate controversy between the parties is whether the effect of this order was merely to dismiss the proceeding that was then before the court or whether the order permanently and finally concluded and terminated the right to have the will considered further as the last will and testament of the deceased as a final adjudication against the right to probate. The dismissal of an action or proceeding "with prejudice" commonly implies not only the termination of the particular action or proceeding then before the court but also the right of action upon which it is based.

Pueblo de Taos v. Archuleta, 64 Fed2d 807; Mars v. McDougal, 40 Fed2d 247; Conner v. Cornell, 32 Fed2d 581; Harris v. Moye's Estate, 211 Ark 765, 202 SW2d 360; De Graff v. Smith, 62 Ariz 261, 157 Pac2d 342; Lake v. Wilson, 183 Ark 180, 35 SW2d 597, 38 SW2d 25; Shorten v. Brotherhood of Railroad Trainmen, 182 Ark 646, 32 SW2d 304; In re Estate of Crane, 343 Ill App 327, 99 NE2d 204; Pulley v. Chicago, R. I. & P. Ry. Co., 122 Kans 269, 251 Pac 1100; Hargis v. Robinson, 70 Kans 589, 79 Pac 119; Noakes v. Noakes, 290 Mich 231, 287 NW 445; Mayflower Industries v. Thor Corp., 17 N. J. Super 505, 86 Atl2d 293; Maib v. Maryland Casualty Co., 17 Wash2d 47, 135 Pac2d 71; 17 Am Jur, Dismissal and Discontinuance, Section 78; Annotation in 149 ALR 625. From these authorities we conclude that where an order is entered at the request of the plaintiff, understandingly made, dismissing his action "with prejudice," the dismissal goes to the cause of action and becomes res adjudicata with respect to the issues brought before the court by the action. The words "with prejudice" appearing in a motion or order for dismissal are not always conclusive against the plaintiff. Their effect is determined by the conditions under which they are used. Pueblo de Taos v. Archuleta, 64 Fed2d 807; Chirelstein v. Chirelstein, 12 NJ Super 468, 79 Atl2d 884; Goddard v. Security Title Ins. & Guar. Co. (Cal) 83 P2d 24, 14 Cal2d 47, 92 Pac2d 804.

Where there has been a voluntary dismissal "with prejudice" something more must be shown to enable the plaintiff to maintain a second action than that no actual trial on the merits was had and that there was no compromise. Certainly, if it appears that the plaintiff, on the eve of the trial, acted on an intention to abandon not only his action but his cause of action and press no further the claim upon which he had haled the defendant into court, the plaintiff is not entitled to change his mind with respect to the dismissal and bring a new action. In this case there appears to be no question but that the attorney for the petitioner by dismissing the petition with prejudice intended not only to terminate the proceeding in which the petition was filed, but to terminate his client's right to further propose the will for probate. But the attorney's intention,

and his action in accordance therewith, must, in order to bind the client, be within the scope of the attorney's authority.

Under his general authority an attorney has control of the remedy and may discontinue the action by a dismissal without prejudice, thus binding his client. But general authority gives him no right to discharge or terminate the cause of action and he may not without special authority or acquiescence on the part of his client terminate the right of action by a dismissal on the merits. Bacon v. Mitchell, 14 ND 454, 106 NW 129, 4 LRA NS 244; Hallack v. Loft, 19 Colo 74, 34 Pac 568; Annotation in 132 Am St Rep 162; 5 Am Jur, Attorneys at Law, Sections 96 and 97; 7 CJS, Attorney and Client, Section 87.

The proponent of the will challenges the authority of her attorney to dismiss her first petition with prejudice. In the affidavit attached to her motion of June 10, 1950, to amend the order dismissing her original petition, she states that the strain of the pending litigation caused her to suffer a complete breakdown and that on January 17, 1950, the day set for the hearing of the will, she was taken to a hospital where she remained for about two weeks. She then says:

"That while she was under this strain but before being compelled to go to the hospital, and while laboring under the belief that it was impossible to procure evidence establishing the validity of the said will, she signed the letter addressed to Stormon and Stormon, her attorneys, reading as follows:

"'You are hereby authorized and directed to dismiss my Petition for Proof and Probate of Will, filed in the County Court of Rolette County, State of North Dakota, on November 22nd, 1949, presenting for probate the olographic will of Michael Leonard, late of the City of Rolette, in Rolette County, State of North Dakota, Deceased, at the hearing set for Tuesday, January 17th, 1950.

"'You are further authorized and directed in my behalf not to oppose the petition for letters of administration pending in said County Court, and if in your opinion it is advisable, to consent to the appointment of Dominick W. Leonard and John Leonard, as administrators of the estate of said Michael Leonard, deceased.'

"That affiant is now advised that Mr. Stormon moved for dismissal with prejudice but that she did not direct him to dismiss the proceedings with prejudice and that such dismissal was the result of inadvertence and mistake and was not the result of a family settlement or family compromise, and that the petitioner received no consideration whatsoever for dismissing such petition and that no evidence whatsoever was taken upon the said will or its validity, and that there never has been an adjudication or determination of the merits."

It is impossible to determine to what extent, if at all, the county court in making the order from which the appeal was taken took into consideration the proponent's motion of June 10, 1950, and the affidavits attached in support thereof. There is no order in the record either granting or denying that motion. We are also confronted with the fact that on June 2, 1950, the parties had entered into the stipulation to submit questions of law to the court, yet it is obvious from the record that the court in making the order from which the appeal was taken took more than questions of law into consideration in confirming its order dismissing the first petition. The leapfrog procedure that was followed has produced a record from which we are unable to ascertain what questions of law or fact were considered and what, if any, were passed over by the court in making the order that is under attack. The question that the parties seem to be ultimately trying to reach, which is the effect of the motion and order dismissing the first petition with prejudice, is not merely a question of law. Its solution is dependent upon the extent of the authority of the attorney that made the motion to dismiss with prejudice. See Mechem on Agency, Second Edition, Sections 2159–2163; Jubilee Placer Co. v. Hossfeld, 20 Mont 234, 50 Pac 716. That authority is challenged by the proponent of the will, who, in her affidavit, quotes from a letter to her attorney which she signed. The letter was not produced. It is an important piece of evidence which may aid the court in determining whether the attorney did or did not have authority to move for a dismissal of the petition with prejudice. There may be other evidence bearing upon this important question that could be made available to the court.

. Section 30-0404 NDRC 1943 provides that:

"An order based upon facts within the knowledge of the judge of the county court, or upon facts proven by the testimony of a witness, must contain a statement or recital of the existence or proof of the facts which authorize the order. When an order is made upon matter of record, a reference to an affidavit, pleading, or other record upon which such facts appear is sufficient."

The order appealed from recites two ultimate conclusions of the county court—that the former order of January 17, 1950, dismissing the proponent's petition is res adjudicata and that no sufficient reason was shown to the county court why its former order dismissing the petition for probate of the olographic will should be revoked. On the basis of these conclusions the court ordered that the second petition be dismissed and that the former order of January 17, 1950, be confirmed. The order appealed from makes no reference either to the facts or to the record upon which the order was made, other than to recite that a previous order of the court dismissing the petition had been entered. The order appealed from does not comply with Section 30-0404, supra. The importance of complying with the statute is emphasized by the present situation in which we find that, on this appeal, it is impossible to adequately and comprehensively review the case because of the inadequacy of the record and the impossibility of ascertaining with reasonable certainty what determinations of fact and law prompted the county court to enter the challenged order.

The district court reversed the order of the county court and directed the county court to hear the petition for probate of the will upon its merits. The district court determined that the order of the county court of January 17, 1950, dismissing proponent's petition was not res adjudicata, thereby reaching a conclusion opposite to that reached by the county court. It appears to us that the record is not adequate to permit a determination of that question. Justice requires that, while the order of the county court appealed from must be reversed because of inherent defects in the order and the inadequate record which accompanies it on appeal, the case must go back to the county court

for a re-examination by that court of the question of whether its order of January 17, 1950, dismissing proponent's petition for the probate of the will, was made upon an authorized motion of counsel to dismiss with prejudice and therefore became res adjudicata and for the entry of an appropriate order conformable to Section 30-0404 NDRC 1943. The case is remanded to the district court with directions to so modify its order dated October 1, 1951, to the County Court of Rolette County.

BURKE, SATHRE, CHRISTIANSON and GRIMSON, JJ., concur.