## Richmond

VIRGINIA CONCRETE COMPANY, A CORPORATION v. THE BOARD OF
SUPERVISORS OF FAIRFAX COUNTY, VIRGINIA.

March 5, 1956.

Record No. 4473.

Present, All the Justices.

The opinion states the case.

*Andrew W. Clarke, Frank L. Ball, Sr.* and *Gardner L. Boothe,*
for the appellant.

*Alex Moncure Bloxton* and *John G. Epaminonda,* for the appellee.

BUCHANAN, J., delivered the opinion of the court.

The Board of Supervisors of Fairfax county on August 7, 1953, filed what it termed an original bill in the nature of a bill of review in which it alleged as follows:

That on May 7, 1952, the Board determined that the defendant, Virginia Concrete Company, Incorporated, was operating its plant in violation of the zoning ordinances of the county; that the Board employed Robert J. McCandlish as its attorney to bring a suit to enjoin the defendant's operations; that McCandlish, assisted by the Commonwealth's attorney of the county, Hugh Marsh, brought an injunction suit in the circuit court of the county, identified as Chancery No. 8857; that at the beginning of the trial of that cause the said McCandlish, in violation of the terms of his employment and without the consent of the Board, moved the court for a voluntary dismissal of said injunction suit and thereafter, without authority to do so, assisted in preparing and endorsed for entry a decree which was entered on April 3, 1953, dismissing said injunction suit "with prejudice to your complainant's right to bring another suit on the same cause."

The bill further alleged that the dismissal with prejudice by counsel without specific authority from the Board was a nullity and should be set aside so that the Board would not be precluded thereby from prosecuting another injunction suit against the defendant in order to enforce the zoning ordinances of the county. The prayer of the bill was that said decree entered in Chancery No. 8857 be set aside and held void, or be amended so as to be without prejudice to the right of the Board to prosecute another suit for the same cause.

The defendant filed a demurrer to the bill which the court sustained insofar as the bill purported to charge fraud, but overruled insofar as the bill sought to set aside the dismissal decree in No. 8857 on the ground that it was entered without authority from or ratification by the Board.

The defendant then filed its answer alleging that prior to the dismissal order in No. 8857 the Board had entered an order with respect to repealing that part of the zoning ordinances under which that suit had been instituted; that the defendant did not know of this action of the Board until the trial of the injunction suit was practically completed, whereupon it introduced in evidence a copy of the Board's order. The answer denied that counsel for the Board acted without authority in the dismissal of the cause with prejudice.

and asserted that there was no mistake or misunderstanding on the part of anybody concerning the effect of the decree or the propriety of its entry, and that under the circumstances a dismissal order with or without prejudice would have had the same effect of finality.

. The answer asserted that the decree of dismissal was a complete adjudication of the matters and things involved in Chancery No. 8857 and was *res judicata* as to all matters and things alleged in that suit and in the present suit.

The court later heard certain oral and documentary evidence and entered the decree now complained of, holding that the evidence failed to show either prior approval or subsequent ratification by the Board of the decree dismissing No. 8857 with prejudice, and consequently such dismissal constituted a mistake of law which should be corrected. Accordingly so much of the dismissal decree as stated it was done "with prejudice" was set aside and declared null and void, and said dismissal declared to be without prejudice to the right of the Board to bring such other suit as it might be advised.

Under the assignments of error the appellant contends that the Board attempted to repeal the part of the zoning ordinance upon which its suit No. 8857 was based; that it thereby eliminated all equity from its bill; that a dismissal with prejudice was the only decree that could then properly be entered, and that the Board's counsel were acting within their authority when they endorsed that decree and offered it for entry.

The original injunction suit No. 8857 was brought for the alleged violation of subparagraph 31 of § 9-A of the zoning ordinances of the county. Section 9-A related to uses permitted in an industrial area and provided that when any of the "following uses" were not controlled by existing county ordinances, they required the approval of the Board, but no such use should be established within 2,000 feet of any residence district or within 500 feet of a business district. Then were listed thirty specific uses, followed by the thirty-first in these words:

"Any other similar use which in the opinion of the Board of Supervisors might be injurious or noxious by reason of odor, fumes, dust, smoke, vibration, noise or other cause."

This original suit was instituted August 22, 1952, and on February 4, 1953, while it was pending, the Board passed the following resolution:

"On motion of Supervisor Fox, seconded by Supervisor Shaffer

and unanimously carried, the Board voted to amend the Zoning Ordinance, as requested by the Planning Commission, by deleting therefrom Division 31, under Subsection A, of Section IX, provided the same met with the approval of the Commonwealth Attorney."

At an *ore tenus* hearing of the injunction suit No. 8857 on April 3, 1953, before the same judge who heard and decided the present suit, certain documentary evidence was admitted by stipulation. This included minutes of the Board of Zoning Appeals and of the Board of Supervisors, showing proceedings prior to the institution of the injunction suit, and a plat showing the distance of certain dwellings from the defendant's plant. One of the witnesses for the Board (its tie-breaker, who had cast the deciding vote on whether the defendant was violating subsection 31 of the ordinance) was examined. Thereupon, and before the Board had closed its case, counsel for defendant offered some pictures of the premises, and introduced a copy of the resolution of February 4, 1953, quoted above, over objection by counsel for the Board that it was not material. Mr. Marsh, Commonwealth's attorney and one of the Board's attorneys, then testified that this was the first time he had seen the resolution and he had not approved it. After a recess Mr. McCandlish stated to the Court that in view of the order of the Board, of which he had had no knowledge, "we move that the case be dismissed." The court said, "I don't hear any objection." The defendant's counsel interposed: "Insert in the order 'with prejudice.'" The court said, "The motion will be granted." The following decree was thereupon entered:

"This cause came on to be heard this 3rd day of April, 1953, upon stipulations by counsel, view of the premises of Virginia Concrete Company, and argument of counsel; whereupon the Complainant, by counsel, moved that this cause be dismissed, upon consideration whereof, it is adjudged, ordered and decreed that this cause be, and the same hereby is dismissed, with prejudice, at the cost of the Complainant."

It was endorsed "Seen" by both of the Board's attorneys and also by the defendant's attorneys.

On April 15, 1953, following the entry of this decree, the Board passed another resolution rescinding and revoking its resolution of February 4, 1953.

It is conceded that the resolution of February 4, 1953, did not repeal subsection 31 of the zoning law. It was a nullity in that respect. In addition to lack of approval by the Commonwealth's

attorney, there was no attempt to comply with the requirements of the zoning ordinance and of the statute as to amendments (Acts 1938, ch. 415, p. 777). The Board's attorneys concluded that it represented a change of attitude by the Board with respect to sub-section 31 and that they could not prevail in the suit or in good conscience enforce that sub-section as long, they said, "as that resolution was on the Board's minutes."

■ It is clear that there was a voluntary dismissal of the injunction suit by the Board's attorneys, accompanied by their consent that it be done with prejudice. It is in order to inquire first what is the effect of the decree, and second whether the Board's attorneys possessed authority to agree to make that disposition of the case.

In *Mongeon* v. *Burkebile*, 79 N. D. 234, 55 N. W. (2d) 445, the court dealt with a decree which adjudged that the petition for probate of a will, on motion of the petitioner's attorneys, "be and the same hereby is in all things dismissed with prejudice," and said:

"* * .The dismissal of an action or proceeding 'with prejudice' commonly implies not only the termination of the particular action or proceeding then before the court but also the right of action upon which it is based. [Citing numerous cases and texts]. From these authorities we conclude that when an order is entered at the request of the plaintiff, understandably made, dismissing his action 'with prejudice,' the dismissal goes to the cause of action and becomes res adjudicata with respect to the issues brought before the court by the action. The words 'with prejudice' appearing in a motion or order for dismissal are not always conclusive against the plaintiff. Their effect is determined by the conditions under which they are used. * *."

In a comprehensive note in 149 A.L.R. at 553 on the effect of the words "without prejudice" and "with prejudice" in a judgment with respect to its operation as *res judicata*, it is said at page 625 that as a general proposition a judgment of dismissal which expressly provides that it is "with prejudice" operates as *res judicata* and is as conclusive of the rights of the parties as if the suit had been prosecuted to a final disposition adverse to the plaintiff. See to the same effect 17 Am. Jur., Dismissal and Discontinuance, § 78, p. 96, and 1955 Cum. Supp. at 30.

In *Payne* v. *Buena Vista Extract Co.*, 124 Va. 296, 98 S. E. 34, the effect of striking a case from the docket under what is now § 8-154 of the 1950 Code as amended, and of the provision of that

statute that it "shall thereby be discontinued" was in question. It was said that the term "discontinuance" is in effect a nonsuit, simply putting an end to the present action and creating no bar to a subsequent action for the same cause; that in order to render a decree or order in a former proceeding a bar to a subsequent suit on the same cause of action between the same parties or their privies, such decree or order must have been entered on the merits. An order of retraxit, said the court, has such an effect and goes to the merits because it is based on a renunciation by the plaintiff of his cause of action; and an order or decree dismissing an action or suit "agreed" has the same effect, because such an order imports a dismissal on the merits by stipulation of the parties, citing *Hoover* v. *Mitchell*, 25 Gratt. (66 Va.) 387. The *mere* dismissal of a case is not a retraxit, the court also said, but stands on the same footing as a nonsuit and does not bar further action for the same cause.*

A retraxit is a voluntary renunciation by the plaintiff in open court of his suit and the cause thereof, and by it he forever loses his action. 6 Mich. Jur., Dismissal, etc., § 35, p. 244; Burks Pl. & Pr., 4 ed., § 337, p. 646.

An order "dismissed agreed" not only puts an end to the pending suit, but is a bar to any subsequent suit on the same cause of action by the same parties "as fully as a retraxit would be." *Bardach Iron Co.* v. *Tenenbaum*, 136 Va. 163, 171 118 S. E. 502, 505.

The defendant contends, as noted above, that the dismissal with prejudice by the decree of April 3, 1953, was a final and complete adjudication of the matters and things involved in that suit, and *res judicata* as to all matters and things alleged therein and in the present suit. We agree that in the circumstances of that case, viewed in the

---

* In *Wilcher, et al.* v. *Robertson*, 78 Va. 602, 618, it is likewise said that "An order simply dismissing the suit is not a determination on the merits, and so is not a bar to the maintenance of a second suit for the same cause of action." But in the earlier case of *Taylor* v. *Yarbrough*, 13 Gratt. (54 Va.) 183, 194, it was held that a decree which dismissed a bill in general terms and without any specification of grounds therefor, or reservation of a right to sue thereafter, must be taken to rest upon all the issues presented by the pleadings and regarded as a final judgment of the entire right asserted. Much depends on the stage of the proceedings at which th order was entered and the reason for its entry. It is well, therefore, to heed the admonition in Lile's Equity Pl. & Pr., 3d ed., § 273, p. 157, that where the plaintiff voluntarily dismisses his suit or when it is dismissed involuntarily for reasons not affecting the merits of the case, the order should recite that the dismissal is "without prejudice to plaintiff's right to institute such further suits concerning the same matter as he may be advised," in order to avoid a plea of *res judicata* in future litigation. See also *Newberry* v. *Ruffin*, 102 Va. 73, 76, 45 S. E. 733.

light of the authorities referred to, it would have that effect; that is, it would decide that what the defendant was doing was not a violation of the zoning ordinance and that the county could not thereafter maintain a suit under the terms of that ordinance to stop the defendant or its successors from such operations.

█ The next question presented is whether the attorneys for the Board had authority to agree to the entry of that decree.

It is not questioned and it is plain from the record that the attorneys for the Board acted in good faith and in the belief that they had the authority which they undertook to exercise. The minutes of the Board show that Mr. McCandlish was "requested to assist" the Commonwealth's attorney, Mr. Marsh, in the prosecution of the suit. He testified that he believed he had authority to dismiss under his general retainer. Mr. Marsh thought he had the authority to handle the case as it should be handled by virtue of his office as Commonwealth's attorney and the customary way of his handling legal matters for the Board, but he stated, "this is the first time a case of that type has been handled by us." Neither claimed any express authority from the Board to dismiss the case with prejudice and it is clear that none was given.

In *Mongeon* v. *Burkebile, supra*, the court said that there was no question that the attorney for the plaintiff intended not only to terminate the proceeding, but also the right of his client further to prosecute his claim; but, said the court, "the attorney's intention, and his action in accordance therewith, must, in order to bind the client, be within the scope of the attorney's authority."

"Under his general authority an attorney has control of the remedy and may discontinue the action by a dismissal without prejudice, thus binding his client. But general authority gives him no right to discharge or terminate the cause of action and he may not without special authority or acquiescence on the part of his client terminate the right of action by a dismissal on the merits. * *." 79 N. D. at 245, 55 N. W. (2d) at 451-2.

In *Harris* v. *Diamond Const. Co.*, 184 Va. 711, 721-2, 36 S. E. (2d) 573, 578, this court said it was settled that an attorney at law, by virtue of his employment as such, has no authority to compromise his client's claim or surrender any of his substantial rights without his consent, but the attorney has full authority to act on behalf of his client in the conduct of litigation before the court, and by virtue of such authority he may make admissions and stipulations as to facts,

the effect of which is to dispense with proof of such facts. 5 Am. Jur., Attorneys at Law, § 98, p. 318; 1955 Cum. Supp. at 39; Anno., 30 A.L.R. (2d) 944.

In *Dawson* v. *Hotchkiss*, 160 Va. 577, 581, 169 S.E. 564, 565, it is said that the client may ignore an unauthorized compromise and either proceed with the suit or institute a new suit as if no such compromise had been made, or he may have the compromise set aside and the case reinstated. See also Anno., 30 A.L.R. (2d), *supra,* at 954.

It is equally well settled that a retraxit can be entered only by the plaintiff in person in open court, and not by his attorney except upon special authority. *Muse* v. *Farmers Bank*, 27 Gratt. (68 Va.) 252; 6 Mich. Jur., *supra*, Dismissal, etc., § 36, p. 245; Burks Pl. & Pr., 4 ed., *supra*, § 337, p. 646.

An order "dismissed agreed" has the same effect as a retraxit, as noted above, and the dismissal of the injunction suit "with prejudice" as done by the decree of April 3, 1953, had a like effect. In each of the named procedures the effect on the client's asserted cause is the same. The client's rights are thereby ended in a way more harmful than by compromise of his suit by which he would get part of his demand. It would be wholly illogical to say that an attorney must have special authority in order to compromise his client's suit and accept less than his client claims, but has sufficient authority under his general employment as attorney to dismiss his client's case so as to bar him from any recovery both then and thereafter.

The prevailing rule is well stated in 7 C.J.S., Attorney and Client, § 87, p. 908:

"In the absence of statute, an attorney can enter a dismissal, discontinuance, or retraxit, which terminates the case on its merits, only where he has been expressly authorized to do so; but it is generally held that an attorney has implied authority to enter or take a dismissal, discontinuance, or nonsuit, which does not bar the bringing of another suit on the same cause of action."

The rule applies to attorneys for municipalities as well as to attorneys for private individuals, and particularly where such a decree or order would have the effect of preventing the enforcement of a valid ordinance or the exercise of governmental powers. *West* v. *Bank of Commerce & Trusts*, 4 Cir., 167 F. (2d) 664, 666; *United States* v. *Beebe*, 180 U. S. 343, 21 S. Ct. 371, 45 L. ed. 563.

The record clearly supports the finding of the trial court that there was no subsequent ratification by the Board of the dismissal of its

suit with prejudice. Mr. McCandlish made no report of any kind to the Board as to the dismissal; and Mr. Marsh testified that he told the Board, probably prior to the rescinding resolution of April 15, that the suit had been dismissed and why it was dismissed, but he did not tell the Board that it had been dismissed with prejudice. There was a complete lack of evidence that the Board ratified the action of its attorneys in dismissing its suit with prejudice.

In the absence of express authority from the Board the consent of its attorneys did not bind it or deprive it of a right to have the "with prejudice" feature of the decree set aside. The decree appealed from which set aside the dismissal with prejudice and adjudged that the dismissal should be without prejudice, is, therefore,

*Affirmed.*