Stanley GASIOR, Plaintiff and Appellant,

v.

Henry WENTZ, Dean Smith, also known as
Dean F. Smith, R. V. Hodge, and T. F.
Hodge, Defendants and Respondents.

No. 7720.

Supreme Court of North Dakota.

April 29, 1958.

J. K. Murray, Bismarck, for appellant.

Cox, Pearce & Engebretson, Bismarck, for respondents.

SATHRE, Judge.

The plaintiff is the owner of the E½ of Section 26, and all of Section 35, Township 142, Range 83, Oliver County, North Dakota. The purpose of this action is to cancel two mineral deeds executed by the plaintiff to the defendants Dean Smith, R. V. Hodge, and T. F. Hodge claimed to have been obtained from the plaintiff through fraud and misrepresentation by the defendants.

The complaint alleges in substance that on the 9th day of May 1951, the defendant Henry Wentz, as agent of the other three defendants, by fraud and misrepresentation obtained from the plaintiff an oil and gas lease on plaintiff's land described herein and also two mineral deeds conveying certain portions of minerals of plaintiff's lands to the defendants. The plaintiff is a native of Poland, and claims that he is not familiar with the English language and does not understand the import and meaning of legal documents used in the United States, such as deeds and leases. He alleges further that Henry Wentz as agent of the other three defendants approached him on his farm on the 9th day of May 1951, and that all of the conversation had between him and the said Henry Wentz was with reference to obtaining from him an oil and gas lease. He admits that he executed the oil and gas lease but contends that the defendant Henry Wentz took advantage of plaintiff's ignorance of the English language and his failure to understand the import of legal documents and induced him to sign two mineral deeds covering minerals in or underlying the surface of his land; and that the same was done without his knowledge and consent. Henry Wentz, at the time these transactions were had, issued to the plaintiff a sight draft in the sum of $920 which the plaintiff thereafter and in due course deposited to his credit in a bank at Mandan, North Dakota. Said mineral deeds conveyed to defendants a one half interest of 50 percent of the minerals in the E½ of Section 26, and a one half interest in all minerals in said Section 35. The defendants answered admitting that the plaintiff was the owner of the land described in the complaint but they denied specifically that any of the defendants had made any misrepresentation or false statements at any time to the plaintiff, and they allege that the plaintiff was at all times aware of all of the facts and circumstances involved; that the plaintiff was well aware of the import of, and intended to execute and deliver, said mineral deeds and said oil and gas lease to the defendants and did so with full understanding of the nature and meaning of the said deeds and leases executed by him, and that plaintiff, with full knowledge thereof, accepted the consideration paid to him for said mineral deeds and said oil and gas lease.

By stipulation of the parties the case was tried before the Hon. L. C. Broderick, one of the Judges of the Sixth Judicial District for the State of North Dakota, without a jury. However Judge Broderick died before rendering a decision in said action and on July 15, 1955, it was stipulated by the parties by their respective attorneys that

said action might be tried by the Hon. Mark H. Amundson, successor to Judge Broderick, upon the record made and the transcript of the evidence taken before the said L. C. Broderick, deceased.

The stipulation is in the record, and, omitting the title, is as follows:

"The above entitled matter having been tried to the court, the late Hon. L. C. Broderick, Judge, presiding, and the transcript having been made of the evidence; and Judge Broderick having passed away before completion of briefs and decision;

"It is hereby stipulated by and between the parties by their respective counsel, that the above entitled matter may be submitted to the Hon. Mark H. Amundson, Judge of the above entitled court, upon the pleadings and all the files and records herein, including the transcript of the evidence, and upon briefs of counsel, for decision upon the merits, and same in all respects as if the same had been completed before Judge Broderick."

In accordance with the stipulation the pleadings, transcript of the evidence and the entire record made before Judge Broderick were submitted to Judge Amundson.

On March 22, 1956, Judge Amundson made and filed his memorandum opinion in which he found for the defendants. On April 11, 1956, judgment was entered in favor of the defendants dismissing plaintiff's action. After entry of judgment the counsel who tried the case for the plaintiff in the district court withdrew from the case and the plaintiff employed other counsel.

On July 25, 1956, the plaintiff served upon the defendants notice of motion for a new trial and for reopening of the case. Said motion was heard before the Hon. Mark H. Amundson, Judge of the District Court, on the 7th day of August 1956 and on the 26th day of October 1956, said district judge made his order denying plaintiff's motion for a new trial and for reopening of the case. From this order the plaintiff appealed. The notice of appeal stated that the plaintiff appeals from whole of said order and each and every part thereof. The following specifications of error were served with notice of appeal.

1. The district court committed error in denying plaintiff's motion for a new trial.

2. The district court committed error in making and entering its order denying the plaintiff's motion for a new trial.

There is no settled statement of the case in the record as required by Section 28-1806, NDRC 1943, for presentation to the trial court on the motion for a new trial or for judgment notwithstanding the verdict or to the supreme court on appeal: Neither is there in the record a certificate by the trial court as to the correctness of the evidence transcribed by the court reporter, as required by Section 28-2707, subd. 2.

In the transcript of the evidence and in the briefs of the parties it appears that certain exhibits were introduced in evidence but none of said exhibits are in the record.

In his brief the plaintiff argues that his counsel was without authority to enter into a stipulation that the case might be tried before the Hon. Mark H. Amundson, successor; that the stipulation was made without plaintiff's consent and that therefore Judge Amundson was without jurisdiction to try the case:

Section 27-1302, NDRC 1943, subd. 2, provides:

"An attorney and counselor at law may: * * * Bind his client to any agreement in respect to any proceeding within the scope of his proper duties and powers, but no evidence of any such agreement is receivable, except the statement of the attorney him-

self, his written agreement signed and filed with the clerk, or an entry thereof upon the records of the court.".

█ The rule appears to be well established that under his general authority an attorney has control of the remedy applicable to the action in which he appears for his client, and may bind his client to any procedure in connection therewith where such procedure does not prejudice any substantial right of his client.

█ In 7 C.J.S. Attorney and Client § 80, pp. 898, 899, the general rule as to the power of attorneys to control litigation is stated as follows:

"The general employment of an attorney to prosecute or defend a cause or proceeding ordinarily vests in a plaintiff's attorney the implied authority to take all steps or do all acts necessary or incidental to the regular and orderly prosecution or management of the suit, and in a defendant's attorney the power to take such steps as he deems necessary to defend the suit and protect the interests of defendant, in so far as they affect only the remedy. By virtue of such employment the attorney also acquires, as to the courts and other parties or their counsel, the apparent authority to bind the client by taking all steps or exercising all powers that are ordinarily taken .by, or conferred upon, attorneys in similar actions or causes. In proceedings before a court of record this apparent authority of an attorney is so broad, so far as the court and opposing parties are concerned, as to have been characterized as plenary in nature; and, in the absence of fraud or collusion, almost any act or omission in litigation which affects only the remedy or procedure will be treated as coming within his authority to bind his client, for the courts must deal with the parties as though they were actually present and acting in the persons of their attor- : neys. Otherwise stated, the authority of an attorney extends to the management of the case. in all the exigencies which arise during its progress, and his broad authority in this connection cannot be questioned by the client because of the want of specific authority to do the act done or consented to, or because the attorney has in fact exceeded or violated instructions or limitations not communicated to the court or opposing parties or their counsel."

In the case of Mongeon v. Burkebile, 79 N.D. 234, 55 N.W.2d 445, 451, this court said:

"Under his general authority an attorney has control of the remedy and may discontinue the action by a dismissal without prejudice, thus binding his client. But general authority gives him no right to discharge or terminate the cause of action and he may not without special authority or acquiescence on the part of his client terminate the right of action by a dismissal on the merits. Bacon v. Mitchell, 14 N.D. 454, 106 N.W. 129, 4 L.R.A.,N.S., 244; Hallack v. Loft, 19 Colo. 74, 34 P. 568; Annotation, 132 Am.St.Rep. 162; 5 Am.Jur., Attorneys at Law, Sections 96 and 98; 7 C.J.S. Attorney and Client § 87."

█ In the instant case the attorneys who tried the case for the plaintiff before Judge Broderick stipulated with the attorneys for the defendants in writing that the case might be tried to his successor, the Hon. Mark H. Amundson, on the pleadings and all the files and records in the case, including the transcript of the evidence. When the case was being tried before the Hon. Judge Broderick he had jurisdiction of the parties and the subject matter. The stipulation that the action might be tried before the Hon. Mark H. Amundson was in no respect prejudicial to any substantial right of the plaintiff. The stipulation had reference only to the remedy and procedure in the trial of the action. The stipulation

of the parties transferred jurisdiction to Broderick's successor.

There is in the record an affidavit by the plaintiff to the effect that he was not aware of the stipulation made by his attorneys. In a counter-affidavit of W. H. McCormick one of the attorneys for the plaintiff, it is stated that the plaintiff Stanley Gasior was notified of the death of Judge Broderick and that at a meeting in the office of the plaintiff's attorneys it was agreed by the plaintiff and his counsel that the Hon. Mark H. Amundson, District Judge, should decide the case upon the record made before Judge Broderick, and that said stipulation was made with the consent, knowledge and permission of the plaintiff. It does not appear that the plaintiff took any exception to the stipulation entered into by his attorneys, or to the trial of the case by Judge Amundson, until after Judge Amundson had made his decision. In support of his contention that Judge Amundson was without jurisdiction to try the case the plaintiff cites the case of Company A, First Regiment North Dakota National Guard Training School v. State of North Dakota, 55 N.D. 897, 215 N.W. 476, 54 A.L.R. 948. The facts in that case however differ from the facts in the instant case. In the Company A case there was no stipulation or consent by the parties that the case might be tried by the successor to the Judge who heard the evidence in the first instance.

In the case of Worden v. Alexander, 108 Mont. 208, 90 P.2d 160, 161, it was held that:

"A party may waive his right to a new trial and consent that the successor may decide the case made on the record before the trial judge (Thomas-Bonner Co. v. Hooven, Owens & Rentschler Co., 6 Cir., 284 F. 386; Cahill v. Mayflower Bus Lines, 2 Cir., 77 F.2d 838), which, in so far as the appellants are concerned, in this case was done."

In the case of Smith v. Cook, N.D., 73 N.W.2d 151, this court had under consideration a case which had been tried by a district judge who died before handing down his decision. It was there stipulated by the parties to the action by their respective attorneys that the entire file in said action be forwarded to the successor to the deceased judge together with all exhibits introduced upon the motion of the defendants, also stenographic records and memorandum which may have been in the possession of the court of the official court reporter who had taken the testimony at the hearing before the deceased judge. The successor judge in that case had complete jurisdiction of the parties and the subject matter.

Upon the record in the instant case we are satisfied that Judge Amundson had jurisdiction of the subject matter and the parties to the action.

We have examined the record and we conclude that it sustains the order of the trial court denying plaintiff's motion for a new trial.

The order appealed from is affirmed.

GRIMSON, C. J., and MORRIS, JOHNSON and BURKE, JJ., concur.