## CIRCUIT COURT OF THE CITY OF NORFOLK

Garland K. Cantrell

v.

3M Co. *et al.*

October 14, 2015

Case No. CL13-3827

By Judge Jerrauld C. Jones

This matter comes before the Court on Plaintiff's Motion for Leave of Court To File a Revived and Amended Complaint. For the reasons discussed herein, Plaintiff's Motion is hereby denied.

### Background

Garland K. Cantrell, the original plaintiff initiated the present action in this Court on July 20, 2012, as a personal injury action. On January 14, 2014, Plaintiff commenced a second action asserting identical personal injury claims against largely the same defendants in the Newport News Circuit Court ("Newport News action"). The following day, Plaintiff moved to nonsuit the action pending before this Court without prejudice. Over the objection of Defendants, this Court granted Plaintiff's nonsuit motion on February 6, 2014. Defendants timely appealed that decision to the Supreme Court of Virginia.

Garland K. Cantrell, the original plaintiff, passed away on May 21, 2014. The executrix of his estate, Sharon K. Cantrell, was substituted as Plaintiff in the Newport News action and filed an amended complaint converting that suit into a wrongful death action by court order entered on July 14, 2014.

On March 10, 2015, the Newport News Circuit Court entered an order staying the Newport News action until the Supreme Court of Virginia ruled on Defendants' appeal and until the original action pending in this Court was "in all respects, disposed of."

On April 16, 2015, the Supreme Court of Virginia reversed this Court's judgment granting Plaintiff's Motion for Nonsuit, and remanded the case

back to this Court for further proceedings consistent with its Opinion and Order. *Anheuser-Busch Co. v. Cantrell*, 289 Va. 318 (2015). Since that date, this litigation has been pending before this Court as a personal injury action. On August 11, 2015, the Newport News Circuit Court entered an Order, drafted by Plaintiff without notice to or consultation with Defendants, dismissing the wrongful death action pending before that Court "with prejudice."

Plaintiff now seeks leave to file a Revived and Amended Complaint with this Court to convert this personal injury litigation into a wrongful death action pursuant to Virginia Code §§ 8.01-25, 8.01-50, and 8.01-56. Defendants oppose this motion, arguing that Plaintiff is barred from bringing a wrongful death action in this Court by the doctrine of *res judicata*. Defendants specifically contend that Plaintiff already asserted the same wrongful death cause of action in the Newport News Circuit Court and that the dismissal of that action "with prejudice" constitutes a final adjudication of Plaintiff's wrongful death claims against these Defendants. Therefore, Defendants conclude that *res judicata* applies, because granting Plaintiff's motion would render the instant litigation a "second or subsequent civil action" to the Newport News action under Rule 1:6(a) of the Rules of the Supreme Court of Virginia.

In response, Plaintiff asserts that the presence of the phrase "with prejudice" in a dismissal order does not necessarily mean that *res judicata* bars the plaintiff from subsequently re-filing the dismissed action. Rather, Plaintiff argues that courts must consider the totality of the relevant circumstances to ascertain whether a dismissal constitutes a final disposition of the claim so as to trigger the *res judicata* bar. Plaintiff further contends that Rule 1:6(a) does not apply because the present litigation was already pending when the Newport News action was dismissed, and thus cannot be a "second or subsequent civil action" vis-à-vis the Newport News wrongful death action under Rule 1:6(a) of the Rules of the Supreme Court of Virginia.

## Discussion

The doctrine of *res judicata* in Virginia is governed by Rule 1:6(a) of the Rules of the Supreme Court of Virginia. *Lee v. Spoden*, 290 Va. 235 (2015). That Rule provides in relevant part that:

> A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, shall be forever barred from prosecuting any second or subsequent civil action against the same opposing

party or parties on any claim or cause of action that arises from that same conduct, transaction, or occurrence.

Va. Sup. Ct. R. 1:6(a) (2015).

In general, "a judgment of dismissal which expressly provides that it is 'with prejudice' operates as *res judicata* and is as conclusive of the rights of the parties as if the suit had been prosecuted to a final disposition adverse to the plaintiff." *Lambert v. Javed*, 273 Va. 307, 310, 641 S.E.2d 109, 110 (2007) (quoting *Virginia Concrete Co. v. Board of Supervisors*, 197 Va. 821, 825, 91 S.E.2d 415, 418 (1956)). Dismissal of an action "with prejudice" usually operates to terminate "the particular action or proceeding then before the court [and] also the right of action upon which it is based." *Virginia Concrete Co.*, 197 Va. at 825, 91 S.E.2d at 418 (quoting *Mongeon v. Burkebile*, 79 N.D. 234, 243, 55 N.W.2d 445, 451 (1952)). However, the Supreme Court of Virginia has recognized that "the words 'with prejudice' are not always a bar to a subsequent action, but must be considered in light of the circumstances in which they are used." *Reed v. Liverman*, 250 Va. 97, 100, 458 S.E.2d 446, 447 (1995).

The Supreme Court has addressed the exception discussed in *Reed* on several occasions. In *Virginia Concrete Co. v. Board of Supervisors*, 197 Va. 821, 91 S.E.2d 415 (1956), the Court held that an order dismissing an action "with prejudice" did not trigger *res judicata* because the plaintiff's attorney did not have the authority to consent to that dismissal. *Virginia Concrete Co.*, 197 Va. at 825, 829, 91 S.E.2d at 418, 421.

In *Reed*, the plaintiff commenced two identical actions. *Reed*, 250 Va. at 98, 458 S.E.2d at 446. On the plaintiff's motion, the trial court dismissed the first action "with prejudice." *Id.* Counsel for the plaintiff prepared the dismissal order, presented it to the trial court in person, and signed it. *Id.* at 99-100, 458 S.E.2d at 446-47. When the plaintiff attempted to proceed on the second action, the defendant filed a plea of *res judicata*, contending that the dismissal of the first action "with prejudice" barred the plaintiff from litigating the second action. *Id.* at 99, 458 S.E.2d at 447. The trial court denied the defendant's plea, finding that the record contained no indication that the first action was "determined on its merits." *Id.*

The Supreme Court reversed, and held that the dismissal of the first action "with prejudice" operated to bar the second action. *Reed*, 250 Va. at 100, 458 S.E.2d at 447. The Court noted that the plaintiff's counsel drafted the dismissal order to include the phrase "with prejudice," signed the order, and presented it to the trial court. *Id.* In light of these facts, the Court concluded that, although the plaintiff's "purposeful actions in seeking dismissal of his action with prejudice may have been ill-advised and the consequences of his actions unintended," there was nothing in the record "to support [the plaintiff's] contention that the phrase 'with prejudice' was erroneously or inadvertently chosen." *Id.* Accordingly, the Court held that *res judicata* attached upon the dismissal of the first action "with prejudice"

and prohibited the plaintiff from litigating a subsequently-filed identical action. *Id.*

Plaintiff contends that the *Virginia Concrete* exception applies in this case because the circumstances show that the parties did not intend for the dismissal of the Newport News action to be a final adjudication of Plaintiff's right of action for wrongful death. In support of this argument, Plaintiff claims that all parties intended to litigate this claim in this Court following the resolution of Defendants' appeal before the Supreme Court. Viewed in the context of this shared intent, Plaintiff concludes that the dismissal of the Newport News action was not a final disposition of the wrongful death right of action, notwithstanding the "with prejudice" language contained in the dismissal order.

The uncontested facts show that Plaintiff's counsel unilaterally drafted the order dismissing the Newport News action "with prejudice" and presented that order to the Newport News Circuit Court. The inclusion of the phrase "with prejudice" in the dismissal order is attributable solely to Plaintiff. Plaintiff did not circulate the order to Defendants before submitting it to the Court, and Defendants did not have any input as to the language used therein. This case is thus similar to *Reed*, where the Supreme Court held that *res judicata* attached after the plaintiff's attorney unilaterally drafted and submitted an order dismissing its first action "with prejudice."

Plaintiff argues that its counsel included the phrase "with prejudice" in the dismissal order by mistake and that the parties intended to continue litigating the action pending before this Court after the dismissal of the Newport News action. However, the record is bereft of any clear indication that the Defendants did not view the surprise dismissal of the Newport News action as a final adjudication of Plaintiff's wrongful death right of action. The stay order entered by the Newport News Circuit Court on March 10, 2015, suggests that the parties intended to fully litigate the action pending before this Court before proceeding further in Newport News. However, that action asserted claims for personal injury. The record thus could only show that the parties intended to litigate Plaintiff's personal injury claims after the termination of proceedings in Newport News, and contains no indication that all parties intended to litigate Plaintiff's purported right of action for wrongful death after the abrupt, unannounced dismissal of the Newport News action. Although sympathetic to the loss suffered by the heirs of Cantrell, the Court is not persuaded by Plaintiff's assertion that it should be shielded from the preclusive effect of *res judicata* because counsel improvidently inserted the "with prejudice" language in the dismissal order. As in *Reed*, while Plaintiff's "purposeful actions in seeking dismissal of" the Newport News action "may have been ill-advised and the consequences of his action unintended," the record does not "support [Plaintiff's] contention that the phrase 'with prejudice' was erroneously or inadvertently chosen." *Reed*, 250 Va. at 99, 458 S.E.2d at 447.

The only occasion which the Supreme Court has found that a dismissal "with prejudice" did not give rise to *res judicata* was in the *Virginia Concrete* case. The facts here, however, are distinguishable from that case. In *Virginia Concrete*, the Court held that the dismissal of the plaintiff's original action "with prejudice" did not bar the plaintiff from bringing a second action "because the attorneys for the [plaintiff] did not have the authority to consent to the entry of the decree in issue." *Reed*, 250 Va. at 100, 458 S.E.2d at 447 (citing *Virginia Concrete*, 197 Va. at 825, 829, 91 S.E.2d at 418, 421). That decision thus turned on the authority the plaintiff conferred upon its counsel. In this case, Plaintiff has not asserted that Plaintiff's counsel lacked the authority to present the order dismissing the Newport News action.

The Court further concludes that, notwithstanding the fact that this litigation was pending before the dismissal of the Newport News action, Plaintiff's effort to convert this suit into a wrongful death action does render this litigation "second or subsequent" to the wrongful death suit dismissed by the Newport News Circuit Court pursuant to Rule 1:6(a). When it was dismissed, the Newport News action asserted a cause of action for wrongful death. As discussed, the litigation pending before this Court at that time was a personal injury action. Therefore, the Newport News action was the first action asserting a wrongful death claim against the Defendants. Because that action was dismissed, the wrongful death claim that Plaintiff is seeking to assert in this Court would be "second or subsequent" to the Newport News action. Consequently, Rule 1:6(a) is applicable here, and bars Plaintiff from converting the present litigation into a wrongful death action.

For the foregoing reasons, the Court holds that the doctrine of *res judicata*, as stated in Rule 1:6 of the Rules of the Supreme Court of Virginia, bars Plaintiff from converting the present litigation into a wrongful death action because the wrongful death cause of action Plaintiff seeks to assert has been previously dismissed "with prejudice." In light of the Supreme Court's decision in *Reed*, the Court further holds that that exception to the applicability of *res judicata* upon a dismissal "with prejudice" established in *Virginia Concrete* is inapplicable under the present facts. Accordingly, Plaintiff's Motion for Leave To File a Revived and Amended Complaint is hereby denied.

During the hearing on this motion, the Court was made aware that Plaintiff has settled its claims against certain defendants. This ruling is not intended to bind those defendants or affect the terms to which the parties have agreed, and applies only to Plaintiff's claims against the remaining defendants.