Present:  All the Justices

SIDNEY HUGHES

v.  Record No. 060684     OPINION BY JUSTICE ELIZABETH B. LACY
                                        January 12, 2007
JANE DOE, C/O PRATT MEDICAL
CENTER, LTD., ET AL.

        FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
                     John W. Scott, Jr., Judge

        In this appeal, we consider whether the dismissal with

prejudice of claims against an employee on procedural grounds

precludes further proceedings against the employer on a theory

of respondeat superior.

        On January 23, 2004, Sidney E. Hughes filed this personal

injury action against "Jane Doe" and her employer, Pratt

Medical Center, Ltd. (Pratt).  Hughes alleged that she was

injured in 2002 as a result of Doe's negligence in performing

a venipuncture procedure.  Hughes asserted that Pratt, as

Doe's employer, was liable for Doe's negligence on the basis

of respondeat superior.[1]

        In 2005, Hughes learned that Jane Doe was actually

Melissa D. Lucas and filed a motion to amend her

pleadings to substitute Lucas as the defendant.  Pratt

filed a special plea in bar and opposition to the motion

for leave to amend, arguing that Hughes' claim against

_____

        [1] Hughes also claimed negligent training and hiring but
that claim was dismissed and is not before us in this appeal.

Lucas was barred by the statute of limitations. The trial court granted Hughes' motion for amendment but sustained Pratt's plea in bar, holding that Hughes' substitution of Lucas for Jane Doe was not the correction of a misnomer but the addition of a different party and did not relate back to the date the action was initially filed. The trial court concluded that the action against Lucas was untimely and entered an order dismissing Lucas with prejudice.

Pratt then filed a motion for summary judgment, arguing that because Pratt's liability was wholly derivative of Lucas' negligence, the dismissal of Lucas with prejudice precluded further action against Pratt. The trial court agreed and entered an order dismissing the case, stating that "when a master and servant are sued together and the master's liability, if any, is solely dependent on the servant's conduct, a dismissal with prejudice of the servant, even if the servant is dismissed on procedural grounds, necessarily exonerates the master and leaves the Court with no choice but to dismiss the case" against the master. We awarded Hughes an appeal.

On appeal, Hughes asserts that our jurisprudence does not require the dismissal of a claim against the employer when the employer's liability was based solely on a theory of

respondeat superior and the claim against the employee was dismissed on procedural grounds. Citing Roughton Pontiac Corp. v. Alston, 236 Va. 152, 156-57, 372 S.E.2d 147, 149-50 (1988), Hughes argues that exoneration of the employer is justified only if the employee has been actually exonerated as a matter of fact.

In response, Pratt begins with the principle that when the employer and employee are sued together and the employer's liability is solely derived from the employee's conduct, exoneration of the employee exonerates the employer. From this principle, Pratt postulates that a final judgment dismissing an action against the employee with prejudice, regardless of the basis for that dismissal, should have the same preclusive effect on the employer's liability as a factual determination by a jury that the employee was not negligent. Pratt bases its theory on language from our prior opinion stating that a dismissal with prejudice "is defined as 'an adjudication on the merits, and final disposition, barring the right to bring or maintain an action on the same claim or cause,' " operates as res judicata, and is "as conclusive of the rights of the parties as if the suit had been prosecuted to a final disposition adverse to the plaintiff." Reed v. Liverman, 250 Va. 97, 99-100, 458 S.E.2d 446, 447 (1995). We reject Pratt's position for the following reasons.

3

First, the derivative liability principle recited by Pratt is applied when a verdict or other finding that the employee was not negligent is the basis for exoneration of the employer in the same case, see, e.g., Roughton, 236 Va. at 156-57, 372 S.E.2d at 150; Rakes v. Fulcher, 210 Va. 542, 549, 172 S.E.2d 751, 757 (1970); Whitfield v. Whittaker Mem'l Hosp., 210 Va. 176, 183, 169 S.E.2d 563, 568 (1969); Virginia State Fair Ass'n v. Burton, 182 Va. 365, 368, 28 S.E.2d 716, 717-18 (1944), or in subsequent litigation through the application of the res judicata bar, see, e.g., Ward v. Charlton, 177 Va. 101, 115, 12 S.E.2d 791, 796 (1941).  We have never applied this principle to claims against an employer when the employee was dismissed with prejudice on a plea in bar or other procedural matter.  This limited application reflects the fact that the crux of respondeat superior liability is a finding that the employee was negligent.

Second, under Virginia law a plaintiff pursuing relief against an employer on a theory of respondeat superior is not required to file an action against the employee alleging the employee was negligent.  See, e.g., Plummer v. Center Pyschiatrists, Ltd., 252 Va. 233, 234-35, 476 S.E.2d 172, 173 (1996) (plaintiff filed suit only against employer seeking recovery for tort of employee on basis of respondeat

4

superior); Sayles v. Piccadilly Cafeterias, Inc., 242 Va. 328, 329, 410 S.E.2d 632, 633 (1991) (same).  No judgment against the employee individually is necessary for recovery; only a finding that the employee was negligent.

To adopt Pratt's position requires that we consider the dismissal of Hughes' claim with prejudice based on a plea in bar to be an affirmative finding that Lucas was not negligent. We have never embraced a theory that such a dismissal is in fact a decision on the merits.  While a dismissal with prejudice based on a plea in bar extinguishes the viability of the claim against the dismissed party, it does not do so based on the merits of the claim.  Gilbreath v. Brewster, 250 Va. 436, 440, 463 S.E.2d 836, 837 (1995) ("[A] dismissal with prejudice on the basis of a plea in bar, is conclusive as to the rights of those parties, even though the substantive claim of the plaintiff has not been litigated on the merits."); see also Lofton Ridge, LLC v. Norfolk S. Ry. Co., 268 Va. 377, 380, 601 S.E.2d 648, 650 (2004) (noting that dismissal with prejudice based on a plea in bar "did not decide the case on the merits").

In this case, the dismissal with prejudice of Lucas was not an affirmative finding of non-negligence; it merely terminated Hughes' ability to hold Lucas liable for any alleged negligence.  To conclude that the dismissal with

5

prejudice in this case terminates Hughes' ability to pursue a claim against Pratt, in the absence of any finding that Lucas was not negligent, goes well beyond our established jurisprudence.[2]

For these reasons, we conclude that the order dismissing the claims against Lucas with prejudice for failure to comply with the statute of limitations was not a holding on the merits of Lucas' alleged negligence and therefore neither exonerated Pratt nor otherwise precluded Hughes from pursuing her claim against Pratt for Lucas' negligence on a theory of respondeat superior.  Accordingly, we will reverse the judgment of the trial court and remand the case for further proceedings.

<u>Reversed and remanded.</u>

JUSTICE KINSER, with whom JUSTICE AGEE joins, dissenting.

I conclude the circuit court's judgment dismissing with prejudice the claim against the servant, Melissa D. Lucas, was "as conclusive of the rights of the parties as if the suit had been prosecuted to a final disposition."  <u>Virginia Concrete Co. v. Board of Supervisors</u>, 197 Va. 821, 825, 91 S.E.2d 415,

---

[2] In <u>Shutler v. Augusta Health Care for Women, P.L.C.</u>, 272 Va. 87, 630 S.E.2d 313 (2006), we did not need to address whether the dismissal of claims against an employee on procedural grounds exonerated the employer because the order in that case expressly authorized further proceedings against the employer.

418 (1956).  That judgment thus exonerated Lucas' employer, Pratt Medical Center, LTD., from liability.  See Roughton Pontiac Corp. v. Alston, 236 Va. 152, 156, 372 S.E.2d 147, 149 (1988).  For these reasons, I respectfully dissent and would affirm the circuit court's judgment dismissing the claim against Pratt.

Today, the majority declines to follow this Court's well established principle that a dismissal of a defendant or claim "'with prejudice'" constitutes " 'an adjudication on the merits, and final disposition, barring the right to bring or maintain an action on the same claim or cause.' "  Reed v. Liverman, 250 Va. 97, 99, 458 S.E.2d 446, 447 (1995) (quoting Black's Law Dictionary 469 (6th ed. 1990)); accord Dalloul v. Agbey, 255 Va. 511, 512, 499 S.E.2d 279, 281 (1998); Virginia Concrete, 197 Va. at 825, 91 S.E.2d at 418.  Instead, the majority reasons that the circuit court's dismissal with prejudice based on the running of the statute of limitations was not tantamount to an affirmative finding on the merits that the servant was not negligent.  Citing Gilbreath v. Brewster, 250 Va. 436, 463 S.E.2d 836 (1995), and Lofton Ridge, LLC v. Norfolk Southern Railway Co., 268 Va. 377, 601 S.E.2d 648 (2004), the majority concludes that "[w]hile a dismissal with prejudice based on a plea in bar extinguishes

7

the viability of the claim against the dismissed party, it does not do so based on the merits of the claim."

In my view, the flaw in the majority's analysis lies in its focus on the nature of the plea in bar rather than on the dismissal with prejudice. I agree that sustaining a plea in bar based on the running of the applicable statute of limitations is not, in fact, a finding that a servant is not negligent. However, a dismissal with prejudice, regardless of the underlying reason for the dismissal, is nevertheless "generally as conclusive of the parties' rights as if the action had been tried on the merits with a final disposition adverse to the plaintiff." Dalloul, 255 Va. at 514, 499 S.E.2d at 281; see also Virginia Concrete, 197 Va. at 825, 91 S.E.2d at 418 ("a judgment of dismissal which expressly provides that it is 'with prejudice' operates as res judicata and is as conclusive of the rights of the parties as if the suit had been prosecuted to a final disposition adverse to the plaintiff").

That a dismissal with prejudice is treated as an adjudication of a claim on the merits is reflected in this Court's decision in Virginia Concrete. There, a county board of supervisors filed a suit to enjoin the defendant from operating its concrete plant. 197 Va. at 822, 91 S.E.2d at 416. The board alleged that the operation of the plant

8

violated certain zoning ordinances of the county.  Id.  Acting without the board's consent and in violation of the terms of his employment as the board's legal counsel, the board's attorney moved the trial court for a voluntary dismissal of the injunction suit and endorsed an order dismissing the suit "with prejudice to your complainant's right to bring another suit on the same cause."  Id.  The board subsequently filed another suit on the same claim and alleged, in part, that the dismissal with prejudice of the first suit was a nullity and should be set aside.  Id.  In its answer, the defendant asserted that the dismissal with prejudice of the first suit "was a complete adjudication of the matters and things involved . . . and was res judicata as to all matters and things alleged in that suit and in the [second] suit."  Id. at 823, 91 S.E.2d at 417.

On appeal, we agreed with the defendant and explained the effect of the dismissal with prejudice of the first suit: "[I]t would decide that what the defendant was doing was not a violation of the zoning ordinance and that the county could not thereafter maintain a suit under the terms of that ordinance to stop the defendant or its successors from such operations."[1]  Id. at 827, 91 S.E.2d at 419.  In other words,

_____

[1] We ultimately held that the county board of supervisors was not bound by the dismissal with prejudice of the first

9

the dismissal with prejudice of the first suit was the same as an adjudication on the merits of the claim.  See also Reed, 250 Va. at 99–100, 458 S.E.2d at 447 (holding that a dismissal with prejudice stemming from the settlement of an action rather than from an adjudication of the claim barred prosecution of the second action on the same claim).

The court in North American Specialty Insurance Co. v. Boston Medical Group, 906 A.2d 1042 (Md. Ct. Spec. App. 2006), addressed arguments similar to those raised in the case before us.  There, the defendant asserted that the dismissal of the plaintiff's first action on the basis of the statute of limitations precluded the plaintiff's second action under the doctrine of res judicata.  Id. at 1045.  The plaintiff countered that the doctrine of res judicata did not bar the

suit because, "[i]n the absence of express authority from the [county,] the consent of its attorneys did not bind it or deprive it of a right to have the 'with prejudice' feature of the decree set aside."  Virginia Concrete, 197 Va. at 829, 91 S.E.2d at 421.

Similarly, in Shutler v. Augusta Health Care for Women, P.L.C., 272 Va. 87, 630 S.E.2d 313 (2006), this Court held that, because of certain language in the trial court's order, the dismissal of a claim against a servant with prejudice did not "equate to an adjudication on the merits so as to preclude or limit [the plaintiff's] ability to litigate the matters she alleged in her motion for judgment, including issues related to [the servant's] allegedly negligent conduct, in pursuing her claims against [the master]."  Id. at 93, 630 S.E.2d at 316.  Until today, these two cases are the only instances in which this Court has held that a dismissal with prejudice did not operate as an injunction on the merits.

10

second action because a dismissal based on the statute of limitations was not an adjudication on the merits. Id. In affirming the trial court's dismissal of the second action on the basis of res judicata, the appellate court distinguished between a dismissal on a procedural ground and a dismissal predicated on an affirmative defense:

> The principle underlying these cases is that a dismissal on a procedural ground is not a determination by the court that the plaintiff cannot maintain a cause of action; rather, it is a defect in practice, procedure, or form that may be corrected in the second lawsuit to allow the cause of action to proceed. On the other hand, a dismissal of a claim because of an affirmative defense, like sovereign immunity . . . precludes a plaintiff from ever prosecuting that claim. We believe that the affirmative defense of the statute of limitations falls in that latter category. In dismissing a complaint that, on its face, is barred by the statute of limitations, the court is deciding that the plaintiff can never maintain that cause of action. Consequently, when a circuit court . . . grants a motion to dismiss on the grounds that the complaint, on its face, is barred by the statute of limitations, such dismissal is an adjudication on the merits for res judicata purposes.

Id. at 1050 (citations omitted); see also DeGraff v. Smith, 157 P.2d 342, 343 (Ariz. 1945) (plaintiff's voluntary dismissal of servant with prejudice meant the master could not be held liable).

Nevertheless, the majority relies on language from this Court's decisions in Gilbreath and Lofton Ridge to conclude that the dismissal with prejudice of the claim against Lucas did not have the same effect as an adjudication on the merits

11

of the claim. Upon examining the issues in those cases, I conclude those two decisions are not dispositive of the issue currently before the Court and that the language quoted by the majority, when viewed in context, does not support the majority's conclusion.

In Gilbreath, the issue on appeal was "whether the dismissal of an action pursuant to Supreme Court Rule 3:3 for lack of timely service is with or without prejudice." 250 Va. at 438, 463 S.E.2d at 836. The two plaintiffs, who had effected service of process on the defendants more than one year after the commencement of their respective actions, argued that a dismissal under Rule 3:3 must be without prejudice for two reasons, because "the dismissal is not based on the merits of the claim [and because] a dismissal with prejudice would conflict . . . with Code § 8.01-229(E)(1)."[2] Id. at 439, 463 S.E.2d at 837. In the context of rejecting the first argument, the Court pointed out that "not all dismissals terminating a cause of action without determining the merits are dismissals without prejudice." Id. at 440, 463 S.E.2d at 837. As an example, the Court noted that a dismissal based on a plea of sovereign immunity is a dismissal

---

[2] Code § 8.01-229(E)(1) contains a tolling provision for an action that "for any cause abates or is dismissed without determining the merits."

12

with prejudice even though the merits of the underlying claim are not actually adjudicated.  Id.  Thus, the Court held that "a dismissal under Rule 3:3 is not precluded from being a dismissal with prejudice even though the merits of the plaintiff's claim were not determined."  Id.

In rejecting the second argument that a dismissal with prejudice would conflict with Code § 8.01-229(E)(1), the Court held that "for purposes of Code § 8.01-229(E)(1), a dismissal with prejudice is a determination on the merits."  Id. at 440, 463 S.E.2d at 837–38.  The Court reiterated: "A dismissal with prejudice generally is 'as conclusive of the rights of the parties as if the suit had been prosecuted to a final disposition adverse to the plaintiff,' and it not only terminates the particular action, 'but also the right of action upon which it is based.' "  Id. at 440, 463 S.E.2d at 837 (quoting Virginia Concrete, 197 Va. at 825, 91 S.E.2d at 418).

Thus, contrary to the majority's view, Gilbreath does not stand for the proposition that a dismissal with prejudice based on a plea in bar is not treated as an adjudication on the merits.  Instead, the Court merely explained that a dismissal under Rule 3:3, like a dismissal based on a plea in bar, operates as a dismissal with prejudice even though the merits of the underlying claim are not in fact adjudicated.

13

The Court has always recognized that, in many situations, there is not an actual adjudication on the merits of a claim when it is dismissed with prejudice. But, as the Court has said repeatedly, a dismissal with prejudice "is as conclusive of the rights of the parties as if the suit had been prosecuted to a final disposition adverse to the plaintiff." Virginia Concrete, 197 Va. at 825, 91 S.E.2d at 418 (emphasis added); accord Dalloul, 255 Va. at 514, 499 S.E.2d at 281; Reed, 250 Va. at 100, 458 S.E.2d at 447.

The decision in Lofton Ridge is also inapposite. That case involved the application of the doctrine of judicial estoppel, not the effect of a dismissal with prejudice. 268 Va. at 379, 601 S.E.2d at 649. In reciting the case's procedural history, the Court noted that the defendant had filed a plea in bar alleging that the plaintiff's claims were barred by the doctrines of judicial estoppel and election of remedies. Id. at 380, 601 S.E.2d at 650. Continuing, the Court pointed out that the trial court, after a two-day trial, did not decide the merits of the case, but sustained the plea in bar. Id. In my view, the procedural history in Lofton Ridge, as set forth in the preceding sentence, does not stand for the proposition asserted by the majority, i.e., that a dismissal with prejudice on a plea in bar does not operate as an adjudication on the merits.

14

The majority does not dispute the principle that "where master and servant are sued together in tort, and the master's liability, if any, is solely dependent on the servant's conduct, a verdict for the servant necessarily exonerates the master." Roughton Pontiac, 236 Va. at 156, 372 S.E.2d at 149; see also Santen v. Tuthill, 265 Va. 492, 499, 578 S.E.2d 788, 792 (2003); Rakes v. Fulcher, 210 Va. 542, 549, 172 S.E.2d 751, 757 (1970). The majority, however, concludes that this longstanding precedent applies only when there is a verdict or other finding that a servant is not negligent. According to the majority, "[w]e have never applied this principle . . . where the employee was dismissed with prejudice on a plea in bar or other procedural matter." But, this Court's decisions have not limited the application of the foregoing legal principle to a verdict or affirmative finding that a servant is not negligent. Moreover, until today, the Court has not had an occasion to decide whether a dismissal with prejudice based on a plea in bar constitutes an adjudication on the merits.

Finally, the majority relies on the premise that "a plaintiff pursuing relief against an employer on a theory of respondent superior is not required to file an action against the employee alleging the employee was negligent." I do not disagree with that statement, but, in this case, Sidney E.

15

Hughes chose to file the action against "Jane Doe" and her employer, Pratt, and alleged that Pratt was liable for Doe's negligence on the basis of respondeat superior. Hughes then amended her pleadings to substitute Lucas in the place of Doe. Thus, Hughes is bound by the consequences of her pleadings.

For these reasons, I conclude that the circuit court's sustaining the plea in bar based on the statute of limitations and dismissing with prejudice the claim against Lucas, the servant, operated as an adjudication on the merits of that claim. See Reed, 250 Va. at 99, 458 S.E.2d at 447. That adjudication necessarily exonerated the master, Pratt. See Roughton Pontiac, 236 Va. at 156, 372 S.E.2d at 149. Thus, I respectfully dissent and would affirm the circuit court's judgment dismissing the claim against Pratt.