Present:  All the Justices

ANNA LAMBERT, ADMINISTRATRIX AND
PERSONAL REPRESENTATIVE OF THE
ESTATE OF JERRY LEE LAMBERT, DECEASED

v.  Record No. 060935    OPINION BY JUSTICE ELIZABETH B. LACY
                                        March 2, 2007
MUHAMMAD R. JAVED, M.D., ET AL.

FROM THE CIRCUIT COURT OF RUSSELL COUNTY
Michael L. Moore, Judge

In this appeal we consider whether the trial court correctly dismissed the motion for judgment because of a prior final order dismissing the same cause of action with prejudice based on a plea to the statute of limitations.

On April 22, 2001, Jerry Lee Lambert was injured after falling from an all-terrain vehicle.  Mr. Lambert was admitted to Clinch Valley Medical Center (Clinch Valley) and treated by Doctors Muhammad R. Javed and Shireen A. Brohi.  Mr. Lambert was subsequently transferred to Johnston Memorial Hospital, where he underwent surgery.  Mr. Lambert continued to experience problems after he was discharged, and was examined by Dr. Javed, although this time at the offices of the Merit Medical Group.  Mr. Lambert was then readmitted to Clinch Valley, where he was again treated by Doctors Javed and Brohi, and also by Dr. Mario Stefanini.  Mr. Lambert remained at Clinch Valley for several days, and died on May 8, 2001.

On April 18, 2003, Anna Lambert (Lambert), as Administratrix and Personal Representative of the Estate of Jerry Lee Lambert, instituted a lawsuit in Buchanan County against various doctors who treated Mr. Lambert, the Merit Medical Group, and Clinch Valley (Case 1).[*] In this action, Lambert brought wrongful death and breach of warranty claims related to Mr. Lambert's death.

On August 22, 2003, while Case 1 was still pending, Lambert filed a second action in Buchanan County against the parties named in Case 1, adding as defendants Dr. Radoslav S. Nicholas and Diana F. Taylor, R.T. (Case 2). Like Case 1, Case 2 pled wrongful death and breach of warranty claims, and an additional claim for negligent hiring and supervision.

On June 8, 2004, while both Case 1 and Case 2 were pending, Lambert took a voluntary nonsuit of Case 1 pursuant to Code § 8.01-380. Then, on November 29, 2004, Lambert filed a motion for judgment in the Circuit Court of Russell County, pursuant to the tolling provisions of Code § 8.01-229(E)(3) (Case 3). Case 3 did not include Merit Medical Group as a defendant, but was otherwise identical to Case 1.

---

[*] The following parties were named as defendants in Case 1: Doctors Javed, Brohi, and Stefanini, the entities doing business as the Merit Medical Group, and HCA – The Healthcare Company and Galen-Med, Inc., both doing business as Clinch Valley Medical Center.

While Case 3 was pending, the defendants in Case 2 filed pleas of the statute of limitations and Lambert moved for a nonsuit. Following briefing and argument of counsel, the court, in a letter opinion, stated that Lambert was entitled to a nonsuit but, because Case 2 was barred by the statute of limitations, the court could not consider the nonsuit request further. The court then entered an order dismissing Case 2 with prejudice. Lambert objected to the court's failure to grant a nonsuit but did not appeal that order.

Following the dismissal with prejudice of Case 2, the defendants filed pleas of res judicata in Case 3, arguing that the dismissal order in Case 2 adjudicated Lambert's claim against them and, therefore, Case 3 was barred. The trial court sustained the defendants' pleas, and dismissed Case 3 with prejudice. We awarded Lambert an appeal.

DISCUSSION

"[A]s a general proposition a judgment of dismissal which expressly provides that it is 'with prejudice' operates as *res judicata* and is as conclusive of the rights of the parties as if the suit had been prosecuted to a final disposition adverse to the plaintiff." Virginia Concrete Co. v. Board of Supervisors, 197 Va. 821, 825, 91 S.E.2d 415, 418 (1956)(citing E.H. Schopflocher, Annotation, Provision that Judgment is "Without Prejudice" or "With Prejudice" as

3

_Affecting its Operation as Res Judicata_, 149 A.L.R. 553-63 (1944)). A dismissal with prejudice extinguishes the viability of the plaintiff's claim against the dismissed party, even though the dismissal may not be based on an adjudication of the merits of the cause of action. _Hughes v. Doe_, 273 Va. 45, ___, ___ S.E.2d ___ , ___(2007); _Gilbreath v. Brewster_, 250 Va. 436, 440, 463 S.E.2d 836, 837 (1995). Accordingly, when the order in Case 2 dismissing Lambert's wrongful death claim against the defendants with prejudice became final, that claim was extinguished. Moreover, in a wrongful death action, the limitations period is a substantive element of that claim. _Riddett v. Virginia Electric and Power Co._, 255 Va. 23, 28, 495 S.E.2d 819, 821-22 (1998). Thus, the dismissal with prejudice of Case 2 on the basis of the statute of limitations was an adjudication on a substantive element of the cause of action, thereby directly supporting the doctrine of res judicata.

Nevertheless, Lambert argues that the dismissal order in Case 2 should not be afforded a preclusive effect in this case because to do so would elevate the policy of res judicata over the legislative policy assuring a litigant a right to a nonsuit and the accompanying right to refile the suit under the tolling provisions. Code §§ 8.01-380, -229(E)(3). We reject this argument.

4

The conflict in policies suggested by Lambert does not exist. The policy underlying the nonsuit and tolling provisions simply allows a plaintiff to avoid forfeiture of his ability to have his claim heard provided he meets certain time limitations in refiling his previously nonsuited action. Indeed, Lambert received the benefit of this policy when she timely filed Case 3. The policy underlying both the res judicata doctrine and a dismissal with prejudice is that when a plaintiff's claim against a defendant has been resolved adversely to the plaintiff, whether on the merits or because of another bar to recovery such as sovereign immunity or the statue of limitations, the plaintiff is not allowed to subject the defendant to repetitive litigation on the same, previously resolved claim. See Bates v. Devers, 214 Va. 667, 670, 202 S.E.2d 917, 920 (1974)("[R]es judicata rests upon considerations of public policy which favor certainty in the establishment of legal relations, demand an end to litigation, and seek to prevent the harassment of parties.") (citations omitted). Accordingly, these policies are not in conflict and their application, although ultimately unfavorable to Lambert in this case, was appropriate here.

For the above reasons we will affirm the judgment of the trial court.

Affirmed.

5

JUSTICE KOONTZ, with whom JUSTICE LEMONS joins, dissenting.

I respectfully dissent. In the particular procedural background from which this appeal arises, the application of the bar of res judicata by the trial court and the majority here effectively defeats the pertinent statutory scheme that provides a right to a nonsuit under Code § 8.01-380 and in combination with the related statutes ensures the resolution of an underlying claim on its merits.

The majority accurately recites the procedural background of this case and the details of the various allegations in the actions filed by Anna Lambert (Lambert), as Administratrix and Personal Representative of the Estate of Jerry Lee Lambert, against the appellees. I will not extend the length of this opinion unnecessarily by repeating these aspects of the case here. It suffices to note that each of the actions in question were wrongful death actions brought under Code § 8.01-50 and may be appropriately designated and referenced, as the majority has done, as Case 1, Case 2, and Case 3.

Jerry Lee Lambert died on May 8, 2001, and thereafter, on April 18, 2003, Lambert timely filed Case 1 in the Circuit Court of Buchanan County. See Code § 8.01-244(B) (wrongful death action under Code § 8.01-50 shall be brought by personal representative within two years of death of injured person). Pursuant to Code § 8.01-380, Lambert suffered a voluntary

6

nonsuit of Case 1 on June 8, 2004. Subsequently, on November 29, 2004, she filed Case 3 in the Circuit Court of Russell County. See Code § 8.01-229(E)(3) (plaintiff may recommence action within six months of entry of nonsuit order).

Beyond question, Case 3 was timely filed and properly before the Circuit Court of Russell County pending a resolution on its merits. See Code § 8.01-244(B)(if plaintiff suffers nonsuit of a Code § 8.01-50 action, provisions of Code § 8.01-229(E)(3) shall apply to nonsuited action). There is no ambiguity in the statutory scheme embodied in these statutes. In combination, these statutes permitted Lambert to timely file Case 3 on November 29, 2004 – more than two years after the May 8, 2001 death of Jerry Lee Lambert – because that time limitation contained in Code § 8.01-244(B) was tolled during the pendency of Case 1 and effectively extended by Code § 8.01-229(E)(3) upon the filing of Case 3 within six months of the entry of the nonsuit order in Case 1.

However, on August 22, 2003, Lambert filed Case 2 in the Circuit Court of Buchanan County.[*] Case 2 was not timely filed because August 22, 2003 was more than two years from the date

---

[*] As the majority indicates, the principal difference between the wrongful death claim alleged in Case 2 and that alleged in Case 1 and Case 3 was the addition of several defendants against whom Lambert asserted a wrongful death claim. These additional defendants are not parties in this appeal.

7

of Jerry Lee Lambert's death on May 8, 2001. Accordingly, on May 5, 2005, the court properly entered an order, consistent with its letter opinion, which provided that "this action is dismissed with prejudice as barred by the statute of limitations [contained in Code § 8.01-244(B)]." In this procedural context, the continuing viability of Case 3 was not an issue under consideration or addressed by this order. Case 3 was subsequently challenged as barred by the dismissal of Case 2 "with prejudice" under pleas of res judicata.

I do not disagree with the majority's recitation of the general principles regarding the usual preclusive effect of a dismissal "with prejudice" and the resulting invocation of the doctrine of res judicata. I disagree with the majority's application of these principles in this case to support the conclusion that the dismissal of Case 2 "with prejudice" based on the expiration of the time limitations in Code § 8.01-244(B) was a final judgment on the merits of Lambert's wrongful death claim and, therefore, extinguished Lambert's cause of action so as to bar Case 3 under principles of res judicata.

In the abstract, it is a time-honored proposition that a procedural dismissal such as a dismissal on statute of limitations grounds may constitute an adjudication on the merits of an underlying claim so as to extinguish a cause of

8

action.  However, we have recognized that a dismissal "with prejudice" is not always an adjudication on the merits of the case.  Shutler v. Augusta Health Care for Women, P.L.C., 272 Va. 87, 93, 630 S.E.2d 313, 316 (2006); Reed v. Liverman, 250 Va. 97, 100, 458 S.E.2d 446, 447 (1995).  Instead, the words "with prejudice" in a court order must be considered in light of the circumstances in which they are used.  Accordingly, depending on the circumstances, a dismissal "with prejudice" based on the statute of limitations may not equate to an adjudication on the merits of the underlying cause of action.

In the present case, the Circuit Court of Buchanan County explained in its opinion letter the circumstances pertinent to the dismissal "with prejudice" language in its order regarding Case 2.  The court stated specifically that Case 2 was barred by the statute of limitations contained in Code § 8.01-244(B) because Case 2 was filed more than two years after the death of the injured person.  The court entered this order on May 5, 2005, long after Case 3 had been recommenced on November 29, 2004 in the Circuit Court of Russell County as permitted by the applicable statutory scheme.  Under these circumstances, in my view, it strains reason to conclude that the court in dismissing Case 2 "with prejudice" intended to do anything more than adjudicate that Case 2 was time barred and,

9

therefore, was not adjudicating the merits of the underlying cause of action.

When the order in Case 2 is considered in this light, it was not an adjudication on the merits of Lambert's wrongful death claim.  Accordingly, it is clear under the applicable statutory scheme permitting Lambert to nonsuit Case 1 and recommence Case 3, that res judicata is not applicable so as to bar Case 3.  For these reasons, I would reverse the judgment of the Circuit Court of Russell County and permit Case 3 to go forward to a determination on its merits.

JUSTICE KINSER, with whom JUSTICE AGEE joins, concurring.

I agree with the majority opinion except in one aspect. The majority states, "A dismissal with prejudice extinguishes the viability of the plaintiff's claim against the dismissed party, even though the dismissal may not be based on an adjudication of the merits of the cause of action."  In my view, a dismissal with prejudice not only extinguishes the viability of a plaintiff's claim but also is "generally as conclusive of the parties' rights as if the action had been tried on the merits with a final disposition adverse to the plaintiff."  Dalloul v. Agbey, 255 Va. 511, 514, 499 S.E.2d 279, 281 (1998) (emphasis added); Hughes v. Doe, 273 Va. 45, 50, ___ S.E.2d ___, ___ (2007) (Kinser, J., dissenting).

10

For this reason, I respectfully concur.