# CIRCUIT COURT OF MONTGOMERY COUNTY

Grafton William Peterson,
Administrator
of the Estate of
Erin Nicole Peterson,
deceased

v.

Commonwealth of Virginia et al.

Case No. CL09-005525

Harry W. Pryde
and Karen W. Pryde,
Co-Administrators
of the Estate of
Julia Kathleen Pryde,
deceased

v.

Commonwealth of Virginia et al.

Case No. CL09-005526

January 25, 2012

By Judge William N. Alexander, II

### I. *Defendants' Plea of Res Judicata and Motion to Dismiss*

Defendants, the Commonwealth of Virginia, Charles W. Steger, and James A. Hyatt have moved to dismiss the plaintiffs' actions, with prejudice, on the grounds they are barred by the doctrine of *res judicata*. A brief recitation of the facts is necessary.

On April 16, 2009, each plaintiff filed a separate, but identical, complaint simultaneously against Defendants Steger, Hyatt, and others in the Circuit Court of King George County and separate but identical complaints against these defendants and others in the Circuit Court of Montgomery County. The Commonwealth of Virginia was not a defendant in the King George actions. The Montgomery cases contained greater and more detailed factual allegations than the King George cases. The King George complaints were filed as Civil Rights actions under 42 U.S.C. § 1983 and sought "compensatory damages against all defendants for causing injury and death to [each] decedent as well as damages in favor of the beneficiaries under Virginia Code § 8.01-50 . . ." in the amount of $10,000,000. The Montgomery County complaints are wrongful death actions and seek compensatory damages in the amount $10,000,000.

The claims for relief in all four cases arose out of the same occurrence, the shootings that occurred on April 16, 2007, in the Norris Hall classrooms on the campus of Virginia Polytechnic Institute and State University when Seung-Hui Cho shot and killed thirty students and members of the faculty and wounded seventeen others.

The King George complaints were nonsuited on April 8, 2010, and re-filed on October 7, 2010. In the King George actions, Defendants filed Motion[s] to Dismiss by Way of Special Appearance. On November 3, 2011, the King George County Circuit Court granted Defendants' motions to dismiss and entered orders dismissing the actions with prejudice. The court found each complaint "was filed more than a year ago and that [plaintiffs] neither requested that the Clerk issue process in [these matters] nor made any attempt to serve Defendants with the Complaint[s] within one year of the filing of the Complaint[s]." The cases were dismissed pursuant to Rule 3:5(e) and Va. Code § 8.01-277(B). In a letter to counsel, Plaintiffs conceded the motions to dismiss were well founded and endorsed orders dismissing the King George cases with prejudice.

At the hearing on Defendants' *res judicata* motion on January 6, 2011, plaintiffs nonsuited the Montgomery County complaints against Defendant Hyatt.

Does the dismissal with prejudice of the King George complaints invoke the application of *res judicata* so that the Montgomery cases against

Defendant Steger must now be dismissed with prejudice? Defendants contend *res judicata* applies, the King George dismissals based on Rule 3:5(e) and Code § 8.01-277(B) are dismissals with prejudice, the dismissals are considered to be on the merits, and the preclusive effect of Rule 1:6 of the Rules of the Supreme Court of Virginia applies. Because the King George claims, as well as all other claims arising from the Norris Hall shootings have been dismissed with prejudice, the Montgomery County cases against Defendant Steger must now be dismissed with prejudice.

Plaintiffs contend the cause of action asserted in the King George cases and dismissed are separate and distinct from that asserted in the Montgomery cases, that the King George actions were Civil Rights suits based on knowing violations of plaintiffs' constitutional rights, that those suits are not based on negligence, that the King George cases were not dismissals on the merits but on procedural grounds of failure of service, that the preclusive effect of Rule 1:6 does not apply, and the Motion to Dismiss should be denied.

Plaintiffs, citing *Davis v. Marshall Homes, Inc.*, 265 Va. 159, 164, 171 (2003), and relying on the four prong test for determining *res judicata* assert that, since the cause of action in the King George cases is different from that asserted in the Montgomery County cases, *res judicata* is not available as a defense. In *Davis*, the Court explicitly rejected application of the transactional analysis test in determining *res judicata* in favor of a same facts, same evidence test. Plaintiffs' reliance on *Davis* is misplaced.

In *Brock v. Voith Siemens Hydro Power Generation*, 59 Va. App. 39, 46 (2011), Judge Kelsey discussed *res judicata* at length:

> Virginia's application of the claim preclusion component of res judicata was best stated a century ago: "Every litigant should have opportunity to present whatever grievance he may have" but if given an opportunity to do so and "having failed to avail himself of it, he must accept the consequences." *Miller v. Smith*, 109 Va. 651, 655, 64 S.E. 956, 957 (1909). Thus, the "effect of a final decree is not only to conclude the parties as to every question actually raised and decided, but as to every claim which properly belonged to the subject of litigation and which the parties, by the exercise of reasonable diligence, might have raised at the time." *Smith v. Holland*, 124 Va. 663, 666, 98 S.E. 676, 677 (1919) (citations omitted).
>
> Claims precluded by res judicata include those "made or tendered by the pleadings," as well as those "incident to or essentially connected with the subject matter of the litigation, whether the same, as a matter of fact, were or were not considered." *Lofton Ridge, L.L.C. v. Norfolk S. Ry.*, 268 Va. 377, 381, 601 S.E.2d 648, 650 (2004) (citations omitted). This "could-have-litigated-should-have-litigated principle," *Virginia Imps., Ltd. v. Kirin Brewery of Am., L.L.C.*, 50 Va. App. 395,

410, n. 6, 650 S.E.2d 554, 561 n.6 (2007), finds its roots in the earliest Virginia precedents and was recently incorporated into Rule 1:6(a), which restates the general rule that, when applicable, claim preclusion applies "whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended, or the particular remedies sought."

On July 1, 2006, The Supreme Court adopted Rule 1:6 "promulgated to supersede the holding in *Davis*" and changed the "same evidence" test back to the very "transactional" approach rejected in *Davis v. Marshall Homes. Virginia Imports, Ltd., supra; Asterita v. Ghent*, 2009 Va. Cir. Lexis 23, 30-31 (2009); *Gray v. Canellis*, 77 Va. Cir. 187, 189 (2008). Rule 1:6 provides:

(a) *Definition of Cause of Action.* — A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, shall be forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from that same conduct, transaction, or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended, or the particular remedies sought. A claim for relief pursuant to this rule includes those set forth in a complaint, counterclaim, cross-claim, or third-party pleading.

Va. Sup. Ct. R. 1:6(a).

The King George cases, by the terms of the orders dismissing them, were dismissed with prejudice. Were these dismissals with prejudice equivalent to a decision on the merits? In *Gilbreath v. Brewster*, 250 Va. 436, (1995), defendant was served with process more than twelve months after the filing of the action. The issue before the Court was whether the dismissal of an action for lack of timely service is with or without prejudice. The Court held the dismissal was with prejudice.

In doing so, the Court stated "A dismissal with prejudice is as conclusive of the rights of the parties as if the suit had been prosecuted to a final disposition adverse to the plaintiff and it not only terminates the particular action but also the right of action upon which it is based." *Gilbreath*, at p. 440, citing *Virginia Concrete Co. v. Board of Supervisors*, 197 Va. 821, 825, (1956). See also *Dalloul v. Agby*, 255 Va. 511, 514 (1998); *Reed v. Liverman*, 250 Va. 97, 100 (1995). Furthermore, "A dismissal with prejudice extinguishes the viability of the plaintiff's claim against the dismissed

party, even though the dismissal may not be based on an adjudication of the merits of the cause of action." *Lambert v. Javed*, 273 Va. 307, 310 (2007).

While the dismissals of the King George cases are not dismissals on the merits, they are a dismissals on procedural grounds and, like dismissals based on a statute of limitations or sovereign immunity, such a dismissal is with prejudice, and it extinguishes the viability of plaintiffs' claims even though the dismissal is not based on an adjudication of the merits. Applying Rule 1:6, I find *res judicata* bars the plaintiffs' claims against Defendant Steger, and each complaint against Steger will be dismissed with prejudice.

The remaining issue is whether the claims against the Commonwealth can proceed. I find the cases may proceed. In *Hughes v. Doe*, 273 Va. 45 (2007), plaintiff sued an employee and the medical center for negligence. The claim against the employee was dismissed with prejudice on statute of limitations grounds. The employer medical center appealed, asserting that a dismissal of an employee with prejudice, regardless of the grounds for the dismissal, would have the same preclusive effect on the employer's liability as a jury's factual determination that the employee was not negligent.

The Supreme Court said:

We have never applied this principle to claims against an employer when the employee was dismissed with prejudice on a plea in bar or other procedural matter. This limited application reflects the fact that the crux of respondeat superior liability is a finding that the employee was negligent.

Second, under Virginia law a plaintiff pursuing relief against an employer on a theory of respondeat superior is not required to file an action against the employee alleging the employee was negligent.

*Hughes* at p. 48 (internal citation omitted). And they held that:

In this case, the dismissal with prejudice of Lucas [employee] was not an affirmative finding of non-negligence; it merely terminated Hughes' ability to hold [him] liable for any alleged negligence. To conclude that the dismissal with prejudice in this case terminates Hughes' ability to pursue a claim against Pratt [employer], in the absence of any finding that Lucas was not negligent, goes well beyond our established jurisprudence.

*Hughes* at p. 49

Accordingly, while the claims against Defendant Steger have been barred, there has been no affirmative finding that he was not negligent. The dismissals of Defendant Steger, with prejudice, terminate plaintiffs' ability to pursue their claims against him but not to pursue their claims against the Commonwealth. The cases will proceed against the Commonwealth.

## II. *Defendants' Motion for Summary Judgment*

Defendants in their memorandum and argument contend "The Plaintiffs base their gross negligence claims against Steger . . . entirely on the supposed hypothesis that they delayed issuance of a warning regarding the WAJ shooting because they were more concerned with Virginia Tech's image and fundraising than with the safety of Virginia Tech's students."

Clearly, from the beginning, this was an important part of the allegations upon which gross negligence is based. Now that discovery is almost complete, it is apparent plaintiffs lack the evidence to prove the fundraising campaign in any way played into the preparation and giving of the statement to the University that was ultimately given.

As all parties know, exhaustive efforts have been made on both sides to determine what the facts are in these cases. Regardless of Defendant's position that there are no undisputed facts and that the court should grant summary judgment on gross negligence, I find there are disputed facts. This case will go to the jury on the question of gross negligence. To short-circuit this case at this point would be improper. The matter of gross negligence is a jury question.

Defendant has a legitimate concern that Plaintiffs may attempt to continue focusing on the fundraising concerns alleged, but as of yet not substantiated. Defendant can bring this before the court by motion *in limine* before trial for a ruling in advance of the trial. Of course, if there is no evidence fundraising concerns were a factor in the decision to warn or to determine the nature of the warning, Plaintiffs cannot ask the jury to speculate that there were.

I find there are sufficient disputed facts to go to the jury on the question of gross negligence. Accordingly, Defendants' Motion for Summary Judgment is denied.