# CIRCUIT COURT OF THE CITY OF NORFOLK

Kathy Anne Bomar

v.

Chesapeake Bay
Steakhouse, Inc.,
d/b/a Ship's Cabin,
and Vasilios Dourdoumis

October 21, 2013

Case No. CL12-2415

By Judge Mary Jane Hall

This matter came before the Court on October 3, 2013, on Defendant Ship's Cabin's Motion to Dismiss. For the reasons stated herein, the Court denies the Motion as to Counts 1 through 4 and grants the Motion, with leave to amend, as to Count 5.

*Factual Background*

Plaintiff worked for Ship's Cabin from January 22, 2008, until February 23, 2010. Over the course of her employment, Plaintiff alleges that her supervisor, Vasilios Dourdoumis, repeatedly subjected her to unwanted and unprovoked sexual advances and constantly made lewd and lascivious comments and displays toward her. Plaintiff alleges that she repeatedly brought this behavior to the attention of Ship's Cabin and sought to address the behavior with Dourdoumis, to no avail. Plaintiff alleges physical, emotional, and monetary distress as a result of Defendant's acts and omissions. See Complaint ¶¶ 28-32.

Plaintiff filed her complaint against Dourdoumis and Ship's Cabin on March 21, 2012. The Court dismissed the action against Dourdoumis on

May 31, 2013, because Plaintiff had failed to serve him with process within one year of the suit being filed. See Order dated May 31, 2013 (entered with no appearance by Plaintiff). Plaintiff's counsel stated that his client was unable to locate and serve Dourdoumis because he is incarcerated in an out of state penal facility.

*Analysis*

## A. *Counts 1 and 2: Assault and Battery, Sexual Assault, and Sexual Battery*

Count 1: Assault and Battery and Count 2: Sexual Assault and Sexual Battery describe alleged acts of Dourdoumis, for which Plaintiff seeks to hold Ship's Cabin as his employer vicariously liable. Ship's Cabin argues that Dourdoumis' dismissal from this action precludes Plaintiff claiming that the employer is liable for his misconduct. It argues as a matter of law that an employer cannot be held vicariously liable for the actions of an employee if the employee is dismissed or otherwise found to be not liable. Ship's Cabin cites *Rakes v. Fulcher*, 210 Va. 542, 172 S.E.2d 751 (1970), which held:

> Where the liability of a defendant, if any, is predicated upon a master-servant relationship with a co-defendant whose negligence is alleged to have been the proximate cause of the injuries sustained by the plaintiff, a verdict in favor of the servant requires a verdict in favor of the master also.

*Id.* at 549, 172 S.E.2d at 757. This *Rakes* holding, however, does not apply because Dourdoumis has never been awarded a "verdict" in his favor.

A "verdict" means "The formal and unanimous decision or finding of a jury, impaneled and sworn for the trial of a cause, upon the matters or questions duly submitted to them upon the trial." Black's Law Dictionary Online: https://thelawdictionary.org/verdict.This Court dismissed Dourdoumis on strictly procedural grounds, namely the requirement under Rule 3:5(e) that defendants be served within twelve months after suit is filed. The Court made no decision or finding on the merits of the claims against him.

The Virginia Supreme Court has rejected the precise argument advanced by Ship's Cabin in the analogous case of *Hughes v. Doe*, 273 Va. 45, 48-49, 639 S.E.2d 302, 304 (2007). *Hughes* involved a medical malpractice action against a medical center and its "Jane Doe" employee. When Plaintiff eventually learned Doe's identity and sought to substitute her, the trial court ruled that the statute of limitations barred the action as to the newly-named employee. Applying the *Rakes* doctrine, the trial court also dismissed the claims against the medical center. The Virginia Supreme Court reversed,

holding that dismissal of claims against an employee did not terminate a plaintiff's ability to pursue those claims against the employer:

> To conclude that the dismissal with prejudice in this case terminates [plaintiff's] ability to pursue a claim against [the medical center], in the absence of any finding that [the employee] was not negligent goes well beyond our established jurisprudence.

*Id.* at 49, 639 S.E.2d at 304.

The Court clarified that the *Rakes* doctrine, on which Ship's Cabin relies, applies only following a *verdict* or other finding that exonerates the employee: "We have never applied this principle to claims against an employer when the employee was dismissed with prejudice on a plea in bar or other procedural matter." *Hughes*, 273 Va. at 48, 639 S.E.2d at 303-04.

Ship's Cabin argues as an additional ground for the motion that Plaintiff has destroyed its subrogation rights against Dourdoumis which requires dismissal. It fails, however, to cite any controlling authority for that proposition. It relies on *Rakes*, discussed above, which does not address subrogation rights; *Maryland Cas. Co. v. Aetna, etc., Co.*, 191 Va. 225, 60 S.E.2d 876 (1950); and *Insurance Co. N. Am. v. Abiouness*, 227 Va. 10, 313 S.E.2d 663 (1984). *Maryland Casualty* establishes that a master may recover from the servant when the master is exposed to liability based solely on the negligent actions of its servant. *Maryland Casualty*, 191 Va. at 231-32, 60 S.E.2d at 879. Nothing in that holding creates any obstacle to an action by Ship's Cabin against Dourdoumis to recover the amount of a judgment that may be rendered in Plaintiff's favor.

*Abiouness* likewise does not apply to the facts in the present case, as it involved a contractual release and the effect on related insurance contracts. While the Court in *Abiouness* did hold that the defendant insurance companies were not liable after their subrogation rights were destroyed, the underlying contracts rather than some common law principle mandated such a determination. This case bears no similarity to *Abiouness*.

Defendant has not cited, and the Court has not located, any authority establishing that the procedural dismissal of Dourdoumis has adversely affected Ship's Cabin's subrogation rights against him. Thus the Motion to Dismiss is denied with respect to Counts 1 and 2 of the Plaintiff's Complaint.

## B. *Count 3: Wrongful Discharge*

Count 3 of the Complaint (Wrongful Discharge) is predicated on Ship's Cabin's termination of Plaintiff's employment for allegedly refusing to engage in criminal acts, namely fornication and lewd and lascivious cohabitation: "Ship's Cabin's termination of Plaintiff's employment for Plaintiff's refusal to violate public policies against fornication and lewd

and lascivious acts amounts to wrongful discharge." Complaint ¶ 57. This conduct is outlawed by Virginia Code § 18.2-344 (prohibiting fornication) and § 18.2-345 (prohibiting lewd and lascivious conduct). (Va. Code § 18.2-345 was repealed by the General Assembly in March of 2013, after the events outlined in the Complaint occurred and after this suit was filed.) Plaintiff's Count 3 relies on the narrow exception to the employment at will doctrine that prohibits employers from discharging employees in violation of an established public policy. *See e.g. Miller v. SEVAMP, Inc.*, 234 Va. 462, 362 S.E.2d 915 (1987).

Defendant argues that Plaintiff has failed to identify a legitimate public policy against the conduct described, because the criminal statutes cited have been determined unconstitutional or simply do not apply. Defendant cites *Martin v. Ziherl*, 269 Va. 35, 607 S.E.2d 367 (2005), where the Court declared the statute prohibiting fornication between consenting adults to be unconstitutional. The Court, however, expressly limited its holding:

> It is important to note that this case does not involve minors, non-consensual activity, prostitution, or public activity. . . . Our holding, like *Lawrence [v. Texas*, 539 U.S. 558 (2003)] addresses only private, consensual conduct between adults... Our holding does not affect the Commonwealth's police power regarding regulation of public fornication, prostitution, or other such crimes.

*Martin*, 269 Va. at 42-43, 607 S.E.2d at 371. *Martin* does not support the conclusion urged by Ship's Cabin that the termination described in the complaint does not offend Virginia public policy.

The Supreme Court of Virginia recently approved a wrongful discharge claim based on violation of public policy predicated on facts very similar to those in this matter. In *VanBuren v. Grubb*, 284 Va. 584, 733 S.E.2d 919 (2012), the plaintiff alleged that she was fired for refusing to submit to persistent sexual advances by her supervisor. She maintained that she would have violated Virginia's statutes criminalizing lewd and lascivious conduct had she submitted to him:

> VanBuren similarly alleges that her discharge resulted from her refusal to engage in the criminal acts of adultery and lewd and lascivious cohabitation. There is no question that VanBuren has stated a cognizable wrongful discharge claim against her employer.

*Id.* at 590, 733 S.E.2d at 922 (*citing Mitchem v. Counts*, 259 Va. 179, 1190, 523 S.E.2d 246, 252 (2000) (holding discharge based on refusal to engage in fornication and lewd and lascivious cohabitation to be against public policy.)

Count 3 articulates the precise cause of action that the Virginia Supreme Court has expressly approved in *VanBuren* and *Mitchem*. The motion to dismiss Count 3 is denied.

### C. *Count 4: Negligent Retention*

Count 4 alleges that Ship's Cabin knew about Dourdoumis' offensive conduct toward Plaintiff and failed to dismiss him from its employment. Ship's Cabin asserts, as with Counts 1 and 2, that the count allege only vicarious liability and should be dismissed because Dourdoumis is no longer a defendant in the case. For the reasons stated in the discussion of Counts 1 and 2, the dismissal of the employee does not mandate the dismissal of the employer in this case.

Further, Count 4 alleges independent wrongful conduct and not merely vicarious liability. By definition, the tort of negligent retention constitutes a claim arising from an employer's own acts or omissions and is a matter of primary liability. *See, e.g. Southeast Apts. Mgmt., Inc. v. Jackman*, 257 Va. 256, 513 S.E.2d 395 (1999); *Phillip Morris, Inc. v. Emerson*, 235 Va. 380, 368 S.E.2d 268 (1988); *Norfolk Protestant Hosp. v. Plunkett*, 162 Va. 151, 173 S.E.2d 363 (1934).

In Virginia, the employer-employee relationship gives rise to a special duty to anticipate and guard against the intentional or criminal conduct of others. *A.H. v. Rockingham Publ'g Co.*, 255 Va. 216, 220, 495 S.E.2d 482 (1998) (*citing* Restatement (Second) of Torts § 302(b) cmt. E (1965)). An employer does not have a duty to protect an employee from all dangers but does have a duty to protect the employee from dangers that are known or reasonably foreseeable. *Magallon v. Wireless Unlimited, Inc.*, 85 Va. Cir. 460, 465 (2012) (*citing Rockingham*, 255 Va. at 221, 495 S.E.2d at 485). Plaintiff has alleged sufficient facts in support of this count to withstand the motion. The motion to dismiss Count 4 is denied.

### D. *Count 5: Intentional Infliction of Emotional Distress*

Ship's Cabin moves to dismiss Count 5 because it describes only conduct by Dourdoumis and includes no facts or theories of liability relating to Ship's Cabin.

The Court agrees. Count 5 describes conduct by the supervisor but says nothing whatever about the employer. Plaintiff argues in opposition that the catch-all language of Paragraph 71 of the Plaintiff's Complaint "realleg[ing], restat[ing] and incorporat[ing] by reference" necessarily imports into Count 5 the allegation that Ship's Cabin is vicariously liable for the conduct by Dourdoumis that caused her emotional distress. The incorporated provisions, however, included both claims of vicarious liability and primary liability as to Ship's Cabin; so it does not follow that the incorporation necessarily means that Count 5 claims vicarious liability.

Defendants are not required to guess about what they allegedly did wrong by sorting through a morass of provisions incorporated by reference. Paragraph 71 incorporated every single prior paragraph into Count 5, many of which obviously bore no relevance to a claim for intentional infliction. Further, nothing in any of those paragraphs addresses Ship's Cabin's alleged liability for the intentional infliction of emotional distress.

The motion as to Count 5 is granted with leave to amend. Any amended pleading must include facts sufficient to articulate a claim against Ship's Cabin for intentional infliction of emotional distress and must be filed within ten days.

## *Conclusion*

For the above stated reasons, the Defendant Ship's Cabin's Motion to Dismiss is denied as to Counts 1 through 4 and granted as Count 5, with leave to amend.