COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Raphael and Callins

PERFECT LANDSCAPES, LLC

v.       Record No. 0248-23-4

NADER P. MANSOUR

MEMORANDUM OPINION*
PER CURIAM
AUGUST 22, 2023

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Christie A. Leary, Judge

(Debra Fitzgerald O'Connell; The Fitzgerald Law Group, PLC, on
briefs), for appellant.

(Warner F. Young III; Mahdavi, Bacon, Halfhill & Young, P.L.L.C.,
on brief), for appellee.


Perfect Landscapes, LLC, appeals the Circuit Court of Fairfax County's order granting

Nader P. Mansour's plea in bar and dismissing Perfect Landscapes' claim against Mansour as

barred by the doctrine of res judicata. After examining the briefs and record, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a). Perfect Landscapes failed to timely file a transcript or

written statement of facts in lieu of a transcript for the November 18, 2022 hearing at which the

circuit court heard argument from the parties on Mansour's plea in bar. Because we conclude that

a transcript or written statement of facts in lieu of a transcript is "necessary to permit resolution" of

the issues Perfect Landscapes raises, we decline to consider Perfect Landscapes' assignments of

error, and we affirm the circuit court's final order. Rule 5A:8(b)(4)(ii).

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND

The history of this case includes two general district court actions that preceded the circuit court action now on appeal to this Court. On April 1, 2013, Perfect Landscapes and Mansour entered a continuous service agreement, under which Perfect Landscapes provided Mansour with lawn mowing services from approximately April 2013 to September 2017. In March 2019, Perfect Landscapes filed a warrant in debt in Fairfax County General District Court seeking to recover $374 for Mansour's failure to pay an invoice for lawn mowing services, plus costs and attorney fees pursuant to the agreement. Mansour filed a counterclaim seeking damages for breaches of the agreement. Both parties non-suited their claims.

Mansour then filed a new warrant in debt and a bill of particulars in the general district court seeking damages of $10,748.58 (the "second general district court action"). In the bill of particulars, Mansour alleged in one paragraph that he and Perfect Landscapes entered a contract "[o]n or about April 1, 2013," but alleged in four other paragraphs that Perfect Landscapes had breached an "April 10, 2013" agreement.

Perfect Landscapes filed a plea in bar and answer and grounds of defense. In the plea in bar, Perfect Landscapes argued that the general district court should dismiss the warrant in debt because (1) Mansour had alleged breaches of a non-existent "April 10, 2013 Agreement" and failed to provide any evidence of such an agreement, and (2) Mansour's claim was barred by the five-year statute of limitations prescribed by Code § 8.01-246(2) whether or not it arose from an April 1 or April 10, 2013 agreement. Perfect Landscapes also requested an award of attorney fees and costs "in accord with the Paragraph titled 'Miscellaneous' on page 3 of the April 1, 2013 Agreement."

At a hearing on April 14, 2021, the general district court heard argument on Perfect Landscapes' plea in bar and dismissed Mansour's claims but did not award Perfect Landscapes attorney fees or costs. In its complaint to the circuit court, Perfect Landscapes alleged that the

general district court's dismissal was "with prejudice," and in its final order, the circuit court concluded the general district court's April 14, 2021 dismissal was "with prejudice."[1]

Perfect Landscapes began the present action by filing a complaint in the Fairfax County Circuit Court seeking to enforce an "April 1, 2013 Lawn Mowing Agreement" between Mansour and Perfect Landscapes. Perfect Landscapes seeks to recover costs and attorney fees arising from the second general district court action, in the amount of $30,000, because it "prevailed" in the dispute. Perfect Landscapes attached to its complaint (1) a copy of a "Lawn Mowing Agreement" dated April 1, 2013, (2) a copy of the bill of particulars Mansour filed in the second general district court action, and (3) a printout from the General District Court Online Case Information System website showing that the second general district court action was "dismissed."

Mansour filed a motion craving oyer, requesting that Perfect Landscapes produce "the entirety of the record" in the underlying action. The circuit court granted the motion and ordered Perfect Landscapes to file the plea in bar and the answer and grounds of defense it had filed in the second general district court action.

Mansour then filed a plea in bar, arguing that Perfect Landscapes' claim for attorney fees is barred under the principle of res judicata due to the final judgment rendered by the general district court. Mansour argued that Perfect Landscapes had requested attorney fees from the general district court under the same April 1, 2013 agreement on which it based its circuit court claim, and the general district court did not grant the attorney fee award. Mansour further argued that res judicata would bar Perfect Landscapes' claim even if it had not requested attorney fees in the earlier proceeding, as the claim was available for Perfect Landscapes to make, and "through reasonable diligence, should have been raised" in that proceeding.

---

[1] The record on appeal does not contain a transcript of the general district court hearing or otherwise memorialize the general district court's findings.

Perfect Landscapes argued in response that the general district court's judgment did not constitute a "final judgment on the merits" with respect to the claim for attorney fees, as required to support a finding of res judicata. According to Perfect Landscapes, the general district court "upon consideration of the . . . pretrial pleadings and . . . oral argument in support of those documents, granted Perfect Landscapes' Plea in Bar, dismissed the case, and terminated the proceeding without the taking any evidence on any other issues, including, but not limited to, the merits of Mansour's claims." Perfect Landscapes thus argued that the general district court ruling was not a "final judgment on the merits" because it was based on a plea in bar.

The circuit court conducted a hearing in connection with Mansour's plea in bar on November 18, 2022, and issued a final order the same day granting the plea in bar and dismissing Perfect Landscapes' claim with prejudice. The circuit court concluded that "[t]he dismissal of the GDC [a]ction is final and constitutes an adjudication on the merits of Perfect Landscapes['] request for attorney[] fees under the terms of the [April 1, 2013 Lawn Mowing] Agreement." Perfect Landscapes appeals.

Perfect Landscapes failed to timely file a transcript or a written statement of facts in lieu of a transcript for the November 18, 2022 hearing. Perfect Landscapes filed two motions to approve a written statement of facts in lieu of a transcript in the circuit court—one on January 24, 2023, and one on January 25, 2023. The circuit court denied the motions, noting that the deadline to file the written statement of facts was January 17, 2023, that Perfect Landscapes had not requested an extension of time to file, and that the deadline to file a transcript or written statement of facts in lieu of a transcript was "mandatory and jurisdictional," so the circuit court "ha[d] no authority to sign and certify [Perfect Landscapes'] Written Statement." Perfect Landscapes did not file any motion with this Court requesting an extension of the deadline. *See*

Rule 5A:8(a). The record therefore does not include a transcript or written statement of facts in lieu of a transcript for the November 18, 2022 hearing. *Id.*

ANALYSIS

On appeal, Perfect Landscapes argues that the circuit court erred by finding Perfect Landscapes' attorney fee claim barred by res judicata. Perfect Landscapes' failure to timely file a transcript or written statement of facts in lieu of a transcript for the November 18, 2022 circuit court hearing, however, prevents this Court from considering Perfect Landscapes' arguments on appeal. "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). "If . . . the transcript is indispensable to the determination of the case, then the requirements for making the transcript a part of the record on appeal must be strictly adhered to. This Court has no authority to make exceptions to the filing requirements set out in the Rules." *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009) (alteration in original) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)); *see also Bay v. Commonwealth*, 60 Va. App. 520, 528-29 (2012).

While the Court will not consider the merits of Perfect Landscapes' arguments on appeal, an overview of the arguments and legal background is necessary to explain why a transcript or written statement of facts in lieu of a transcript is "necessary to permit resolution of appellate issues" in this case. Rule 5A:8(b)(4)(ii). "Res judicata involves both issue and claim preclusion." *Funny Guy, LLC v. Lecego, LLC*, 293 Va. 135, 142 (2017). "Both of these preclusive effects, while distinguishable, require the party asserting res judicata as a defense to show by a preponderance of the evidence that the claim or issue should be precluded by a prior judgment." *D'Ambrosio v. Wolf*, 295 Va. 48, 53 (2018). "In the Commonwealth, claim preclusion is encompassed by Rule 1:6." *Id.* That rule provides, in relevant part:

- 5 -

> A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, is forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from that same conduct, transaction or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended, or the particular remedies sought. A claim for relief pursuant to this rule includes those set forth in a complaint, counterclaim, cross-claim or third-party pleading.

Rule 1:6(a).

Under Rule 1:6, "a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *D'Ambrosio*, 295 Va. at 54 (quoting *Lee v. Spoden*, 290 Va. 235, 245 (2015)). In other words, "parties may not 'relitigat[e] . . . the same cause of action, or any part thereof which *could* have been litigated' in the previous action." *Id.* (alterations in original) (quoting *Bates v. Devers*, 214 Va. 667, 670 (1974)). "Whether a claim or issue is precluded by a prior judgment is a question of law this Court reviews de novo." *Lane v. Bayview Loan Servicing, LLC*, 297 Va. 645, 653 (2019).

Perfect Landscapes argues the circuit court's finding of res judicata is erroneous on two grounds. First, Perfect Landscapes argues that the general district court did not render a final judgment "on the merits" of the attorney fee claim because the general district court dismissed Mansour's claim based on Perfect Landscapes' plea in bar, did not receive any evidence at the April 14, 2021 hearing, and did not consider Perfect Landscapes' claim for attorney fees. Second, Perfect Landscapes argues that because Mansour based his general district court action on a non-existent April 10, 2013 agreement, Mansour's claim did not arise from the same "transaction or occurrence" as Perfect Landscapes' claim, which arises from the April 1, 2013 agreement.

- 6 -

With respect to Perfect Landscapes' first argument, we conclude that a transcript or written statement of facts in lieu of a transcript is "necessary to permit resolution" of the issue's merits, and therefore this argument will not be considered. Rule 5A:8(b)(4)(ii). As "the party asserting res judicata as a defense," Mansour bore the burden of proving to the circuit court "by a preponderance of the evidence that [Perfect Landscapes'] claim . . . should be precluded by [the] prior judgment." *D'Ambrosio*, 295 Va. at 53. Perfect Landscapes argues that the circuit court's conclusion that Mansour met this burden was erroneous because Mansour failed to prove that the general district court's dismissal of Mansour's claim was a final judgment "on the merits" of Perfect Landscapes' attorney fee claim.

"On appeal, we presume the judgment of the trial court is correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the trial court has erred" as the appellant alleges. *Bay*, 60 Va. App. at 528. Without an adequate record, "we will not consider the point." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)). In this case, the lack of a complete record prevents us from being able to determine whether the circuit court correctly concluded that Perfect Landscapes' claim is barred by res judicata.

This problem affects several issues in the case. For example, although the circuit court concluded in its final order that Mansour's general district court action was dismissed "with prejudice," the record presented on appeal does not include any evidence proving that conclusion. Nor does the record on appeal include any document supporting the conclusion that the general district court's decision was based on Perfect Landscapes' plea in bar rather than some other reason. Moreover, if the general district court's decision was based on Perfect Landscapes' plea in bar, the record on appeal does not demonstrate whether the general district court agreed with Perfect Landscapes' first argument (regarding the mistaken date in Mansour's

bill of particulars) or second argument (regarding the statute of limitations). All these issues are relevant to determining whether res judicata applies. *Compare Alexander v. Cobb*, 298 Va. 380, 389 (2020) (holding dismissal based on a plea in bar was a final judgment "on the merits"), *and Lambert v. Javed*, 273 Va. 307, 310 (2007) (holding dismissal based on plea in bar was a final judgment "on the merits"), *with Hughes v. Doe*, 273 Va. 45, 49 (2007) (holding dismissal based on plea in bar was not a final judgment "on the merits").

Without a transcript or written statement of facts from the November 18, 2022 hearing, we cannot know what evidence and arguments related to these issues, if any, the parties presented to the circuit court and we cannot evaluate Perfect Landscapes' appeal.

With respect to Perfect Landscapes' second argument, there is no evidence in the record that Perfect Landscapes made this argument to the circuit court. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ." Rule 5A:18. Perfect Landscapes may have made this argument at the November 18, 2022 hearing, but without a transcript or written statement of facts in lieu of a transcript, it is impossible for this Court to know. The record is insufficient to determine whether Perfect Landscapes preserved its second argument, and therefore we will not consider that argument. Rule 5A:8(b)(4)(ii).

We cannot determine whether the circuit court erred in concluding that Perfect Landscapes' attorney fee claim was barred. A transcript or written statement of facts is "necessary to permit resolution" of the issue Perfect Landscapes raises, thus we cannot consider Perfect Landscapes' assignments of error. Rule 5A:8(b)(4)(ii); *Shiembob*, 55 Va. App. at 246.

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed*.